| | |
|---|---|
| 1 | Douglas L. Johnson (SBN 209216) |
| 2 | Daniel B. Lifschitz (SBN 285068) |
|   | Aleeza L. Marashlian (SBN 332751) |
| 3 | **JOHNSON & JOHNSON LLP** |
|   | 439 North Canon Drive, Suite 200 |
| 4 | Beverly Hills, California 90210 |
|   | Telephone:  (310) 975-1080 |
| 5 | Facsimile:   (310) 975-1095 |
| 6 | Email:       djohnson@jjllplaw.com |
|   |              dlifschitz@jjllplaw.com |
| 7 |              amarashlian@jjllplaw.com |
| 8 | *Attorneys for Defendant* |
| 9 | KEVIN FRAZIER PRODUCTIONS, INC. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Chosen Figure LLC, | Case No. 2:22−cv−06518 MEMF (MAAx) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS COMPLAINT** |
| vs. | |
| Kevin Frazier Productions, Inc., | [Notice of Motion and Motion to Dismiss, Request for Judicial Notice, and Declaration of Aleeza L. Marashlian with Exhibits 1-2 filed concurrently] |
| Defendant. | |
| | Date:        January 19, 2023 |
| | Time:        10:00 a.m. |
| | Courtroom:   8B |
| | Judge:       Hon. Maame Ewusi−Mensah Frimpong |

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO DISMISS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 1

    I.   INTRODUCTION ........................................................................................ 1

    II.  LEGAL STANDARD .................................................................................... 2

        A.  Rule 12(b)(6) ........................................................................................ 2

        B.  Defendant's Request for Judicial Notice ........................................... 2

    III. ARGUMENT .................................................................................................. 4

        A.  Defendant Has Made Fair Use of Plaintiff's Photograph ............... 4

            1.  Purpose and Character of Use ................................................... 7

            2.  Nature of Copyrighted Work ..................................................... 8

            3.  Amount and Substantiality Used ............................................. 10

            4.  Effect of Use on Market ........................................................... 11

        B.  Plaintiff's Complaint Cannot Be Cured By Amendment ............. 12

    IV. CONCLUSION ............................................................................................ 12

# TABLE OF AUTHORITIES

**CASES**

*Ajaxo, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
No. 2:07-CV-945-GEB-GGH, 2007 U.S. Dist. LEXIS 89969 (E.D. Cal. Nov. 21, 2007)..................................................................................................................3
*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ............................................................................................2
*Authors Guild v. Google, Inc.*,
804 F.3d 202 (2d Cir. 2015)..............................................................................11
*Barcroft Media, Ltd. v. Coed Media Grp., LLC*,
297 F. Supp. 3d 339 (S.D.N.Y. 2017)..............................................................8, 9
*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................................2
*Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*,
No. 15-cv-04084-CRB, 2018 U.S. Dist. LEXIS 39341 (N.D. Cal. Mar. 8, 2018).2
*Boesen v. United Sports Publications, Ltd.*,
No. 20CV1552ARRSIL, 2020 WL 6393010 (E.D.N.Y. Nov. 2, 2020)........passim
*Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012).............4
*BWP Media USA, Inc. v. Gossip Cop Media, Inc.*,
196 F. Supp. 3d 395 (S.D.N.Y. 2016).................................................................9
*Calkins v. Playboy Enterprises Int'l, Inc.*,
561 F. Supp. 2d 1136 (E.D. Cal. 2008).........................................................9, 10
*Campbell v. Acuff-Rose Music, Inc.*,
510 U.S. 569 (1994) ..........................................................................7, 8, 9, 10
*Cariou v. Prince*,
714 F.3d 694 (2d Cir. 2013)............................................................................4, 7
*City of Inglewood v. Teixeira*,
No. CV-15-01815-MWF (MRWx), 2015 U.S. Dist. LEXIS 114539 (C.D. Cal. Aug. 20, 2015)....................................................................................................4
*Clark v. Transportation Alternatives, Inc.*,
No. 18 CIV. 9985 (VM), 2019 WL 1448448 (S.D.N.Y. Mar. 18, 2019).............11
*DeSoto v. Yellow Freight Sys., Inc.*,
957 F.2d 655 (9th Cir. 1992)............................................................................12
*Diaz v. Intuit, Inc.*,
No. 5:15-cv-01778-EJD, 2018 U.S. Dist. LEXIS 82009 (N.D. Cal. May 15, 2018)...................................................................................................................3
*Draftexpress, Inc. v. Whistle Sports, Inc.*,
No. CV 22-488-DMG (AGRx), 2022 U.S. Dist. LEXIS 138528 (C.D. Cal. Aug. 2, 2022)..............................................................................................................4
*E. Side Plating, Inc. v. City of Portland*,
No. 3:18-cv-01664-YY, 2019 U.S. Dist. LEXIS 144005 (D. Or. July 11, 2019)..3
*Equals Three, LLC v. Jukin Media, Inc.*,
139 F. Supp. 3d 1094 (C.D. Cal. 2015) .............................................................9
*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008)............................................................................2
*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir. 1996)..............................................................................3
*Kelly v. Arriba Soft Corp.*,
336 F.3d 811 (9th Cir. 2003).............................................................7, 9, 10, 11
*Kirtsaeng v. John Wiley & Sons, Inc.*,
136 S. Ct. 1979 (2016) .....................................................................................13
*Los Angeles News Service v. CBS Broadcasting, Inc.*,
305 F.3d 924 (9th Cir. 2002)..............................................................................9

*Mattel, Inc. v. Walking Mountain Prods.*,
 353 F.3d 792 (9th Cir. 2003)................................................................................4
*Monge v. Maya Mags., Inc.*,
 688 F.3d 1164 (9th Cir. 2012).................................................................................9
*N. Jersey Media Grp. Inc. v. Pirro*,
 74 F. Supp. 3d 605 (S.D.N.Y. 2015)....................................................................10
*Rutman Wine Co. v. E. & J. Gallo Winery*,
 829 F.2d 729 (9th Cir. 1987)..................................................................................12
*Sedgwick Claims Mgmt. Servs. v. Delsman*,
 No. C 09-1468 SBA, 2009 U.S. Dist. LEXIS 61825 (N.D. Cal. July 16, 2009)....4
*Seltzer v. Green Day, Inc.*,
 725 F.3d 1170 (9th Cir. 2013)........................................................................7, 11
*Stern v. Does*,
 978 F.Supp.2d 1031 (C.D. Cal 2011) ...................................................................13
*Steward v. West*,
 No. CV 13-02449 BRO (JCx), 2014 U.S. Dist. LEXIS 186012 (C.D. Cal. Aug.
 14, 2014)..................................................................................................................5
*Tellabs, Inc. v. Makor Issues & Rts., Ltd.*,
 551 U.S. 308 (2007) ................................................................................................2
*Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch. Vocal Music Ass'n*,
 953 F.3d 638 (9th Cir. 2020)...................................................................................4
Walsh v. Townsquare Media, Inc.,
 464 F. Supp. 3d 570 (S.D.N.Y. 2020)...........................................................passim
*Whiddon v. Buzzfeed, Inc.*,
 2022 U.S. Dist. LEXIS 197694 (S.D.N.Y. Oct. 31, 2022) ............................passim
*Wright v. Buzzfeed, Inc.*,
 No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641 (C.D. Cal. June
 4, 2018)...................................................................................................................3
*Yang v. Mic Network, Inc.*,
 405 F. Supp. 3d 537 (S.D.N.Y. 2019)............................................................10, 11
*Young v. Greystar Real Estate Partners, LLC*,
 No. 3:18-cv-02149-BEN-MSB, 2019 U.S. Dist. LEXIS 149731 (S.D. Cal. Aug.
 31, 2019)..................................................................................................................3

**STATUTES**

17 U.S.C. § 107..........................................................................................................2, 7
17 U.S.C. § 505.............................................................................................................13

**RULES**

Fed. R. Civ. P. 12(b)(6) ............................................................................................2, 3
Fed. R. Evid. 201 ............................................................................................................4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Chosen Figure LLC ("Plaintiff") asserts it owns the copyrights associated with a paparazzi photograph depicting the recording artists Rihanna and A$AP Rocky in heavy jackets and medical masks taken on the streets of New York City, registered with the Copyright Office on January 15, 2021, Registration No VA 2-233-243. Compl. 3:25-27, 4:5-7. Plaintiff, according to Copyright Registration No VA 2-233-243, is an "employer for hire," though Plaintiff alleges in its complaint that it, as a limited liability company, is a "professional photographer by trade." Defendant's Request for Judicial Notice [hereinafter Def.'s RJN], Ex. 1; Compl. 3:8. Plaintiff's photograph was subsequently used by the recording artist Lil Uzi Vert in an Instagram Stories post made to his account, onto which Lil Uzi Vert superimposed the comment "Can't be true." See Def.'s RJN, Ex. 2, Jasmine Simpkins, *Lil Uzi Vert unfollows Crush Rihanna Because She's Dating A$AP Rocky*, Hip Hollywood (Dec. 3, 2020) https://www.hiphollywood.com/2020/12/lil-uzi-vert-unfollows-crush-rihanna-because-shes-dating-aap-rocky/.

Defendant Kevin Frazier Productions, Inc. ("Defendant") owns the Black-focused entertainment news website Hip Hollywood, displayed at URL address hiphollywood.com. On December 3, 2020, Hip Hollywood published an article expressly about Lil Uzi Vert's "devastated" reaction to the news of Rihanna and A$AP Rocky dating, illustrating the article with, *inter alia*, a screenshot of Lil Uzi Vert's Instagram Stories post. Def.'s RJN, Ex. 2. Critical to this motion and fatal to Plaintiff's claims, the article is *about* Lil Uzi Vert's reaction to this news, stating that the rapper "shared his shock and disbelief on social media" by making the post with his superimposed comment and unfollowing Rihanna on Instagram. *Id.*

Plaintiff asserts that Hip Hollywood's use of the screenshot of Lil Uzi Vert's Instagram Stories post of Plaintiff's photograph of Rihanna and A$AP Rocky superimposed with his commentary renders Defendant liable to Plaintiff for

copyright infringement. Compl. 4:24-27. However, as shown in the near-parallel circumstances examined in *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570, 575 (S.D.N.Y. 2020), *reconsideration denied,* 565 F. Supp. 3d 400 (S.D.N.Y. 2021), as well as subsequent analogous decisions that have followed *Walsh*, Defendant's use here is fair and therefore not subject to an infringement action under the Copyright Act. *See* 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work . . . is not an infringement of copyright."). On this basis, Plaintiff's copyright infringement claim fails and should be dismissed. *See infra* Section III.A.

## II.  LEGAL STANDARD

### A.  RULE 12(B)(6)

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The non-moving party bears the burden of alleging "enough facts to state a claim to relief that is on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The complaint is considered in its entirety, "as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

### B.  DEFENDANT'S REQUEST FOR JUDICIAL NOTICE

"When ruling on a motion to dismiss, a court may take judicial notice of registrations with the Copyright Office as well as court documents already in the public record." *Blizzard Entm't, Inc. v. Lilith Games (Shanghai) Co.*, No. 15-cv-04084-CRB, 2018 U.S. Dist. LEXIS 39341, at *21 (N.D. Cal. Mar. 8, 2018); *see*

*also Ajaxo, Inc. v. Bank of Am. Tech. & Operations, Inc.,* No. 2:07-CV-945-GEB-GGH, 2007 U.S. Dist. LEXIS 89969, at *2 (E.D. Cal. Nov. 21, 2007).

Similarly, "[p]ublically accessible websites and news articles are proper subjects of judicial notice." *Diaz v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 U.S. Dist. LEXIS 82009, at *11 (N.D. Cal. May 15, 2018) (citations omitted). Moreover, complete copies of documents whose contents are alleged in the complaint may be considered in connection with a motion to dismiss pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996); *see also E. Side Plating, Inc. v. City of Portland*, No. 3:18-cv-01664-YY, 2019 U.S. Dist. LEXIS 144005, at *11-12 (D. Or. July 11, 2019) ("Here, plaintiff repeatedly refers to Ordinance No. 187591 in the Complaint but attached only select portions of the ordinance as an exhibit. In support of its motion to dismiss, defendant has provided a complete copy of the ordinance and asks the court to take judicial notice of it in its entirety. [Citations.] The complaint references the document, the ordinance is central to plaintiff's claims, and no party questions the authenticity of the copy of the ordinance that defendant has provided. Accordingly, the court takes judicial notice of Ordinance No. 187591.").

Lastly, courts take judicial notice of online materials such as Instagram posts where the authenticity of such content is either not in dispute or such internet postings were expressly incorporated by reference into the plaintiff's complaint. *See, e.g., Wright v. Buzzfeed, Inc.,* No. 2:18-cv-02187-CAS (AFMx), 2018 U.S. Dist. LEXIS 93641, at *2 n.1 (C.D. Cal. June 4, 2018) (taking judicial notice of eight photographs posted to an Instagram account); *Young v. Greystar Real Estate Partners, LLC*, No. 3:18-cv-02149-BEN-MSB, 2019 U.S. Dist. LEXIS 149731, at *3-4 (S.D. Cal. Aug. 31, 2019) (taking judicial notice of Instagram and Facebook posts because the complaint specifically described the posts); *see also Boesen v. United Sports Publications, Ltd.*, No. 20CV1552ARRSIL, 2020 WL 6393010, at *5 (E.D.N.Y. Nov. 2, 2020) (taking judicial notice of Facebook posts where the

1   authenticity of such post was not contested).

2       Courts may consider facts, including the existence and content of publicly
3   available documents, that are subject to judicial notice in deciding motions under
4   Federal Rules of Civil Procedure, Rule 12. *See generally* Def.'s RJN 1-3 (providing
5   authority). Accordingly, Defendant requests that the Court take judicial notice of
6   the exhibits offered in support of its motion to dismiss (Def.'s RJN, Exs. 1-2),
7   which consist of (1) a record from the Copyright Office and (2) Defendant's news
8   article at issue, the contents of which are alleged in the complaint, and which is
9   posted to a publicly available website noticeable pursuant to Federal Rule of
10  Evidence 201.

11  **III.   ARGUMENT**

12      **A. DEFENDANT HAS MADE FAIR USE OF PLAINTIFF'S PHOTOGRAPH**

13      "Recognizing that science and art generally rely on works that came before
14  them and rarely spring forth in a vacuum, the [Copyright] Act limits the rights of a
15  copyright owner regarding works that build upon, reinterpret, and reconceive
16  existing works." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799 (9th
17  Cir. 2003); *see also Tresóna Multimedia, Ltd. Liab. Co. v. Burbank High Sch.*
18  *Vocal Music Ass'n,* 953 F.3d 638, 647 (9th Cir. 2020) ("the fair use defense renders
19  a use non-infringing, and has long served as an important defense in copyright
20  law."). A determination whether a use is fair can be made at the motion to dismiss
21  stage where both works at issue are before the court. *See Draftexpress, Inc. v.*
22  *Whistle Sports, Inc.,* No. CV 22-488-DMG (AGRx), 2022 U.S. Dist. LEXIS
23  138528, at *5-6 (C.D. Cal. Aug. 2, 2022); *City of Inglewood v. Teixeira*, No. CV-
24  15-01815-MWF (MRWx), 2015 U.S. Dist. LEXIS 114539, at *19-20 (C.D. Cal.
25  Aug. 20, 2015) (collecting cases); *Sedgwick Claims Mgmt. Servs. v. Delsman*, No.
26  C 09-1468 SBA, 2009 U.S. Dist. LEXIS 61825, at *11-12 (N.D. Cal. July 16,
27  2009) (same); *see also Cariou v. Prince*, 714 F.3d 694, 707 (2d Cir. 2013) (citing
28  *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687 (7th Cir. 2012).

1    Plaintiff has attached a copy of the photograph over which it asserts copyright
2    protection as Exhibit 1 to its complaint, and this Court may take judicial notice of
3    the Hip Hollywood article that purportedly infringes on Plaintiff's copyrights, thus
4    both works at issue are before this Court and ripe for a determination whether
5    Defendant's use is non-infringing. Compl., Exh. 1; Def.'s RJN, Ex. 2.
6    Here, Defendant's use falls squarely within the bounds of fair use, as
7    examined by *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570, 575
8    (S.D.N.Y. 2020), *reconsideration denied,* 565 F. Supp. 3d 400 (S.D.N.Y. 2021). In
9    *Walsh*, the online website XXL Mag used a photograph authored by the plaintiff of
10   recording artist Cardi B. *Id.* at 576. However, that photograph was used in the
11   context of an Instagram post made by Cardi B, which combined both the
12   photograph of herself, a post made by third-party Tom Ford Beauty advertising a
13   Cardi B namesake lipstick, and a header authored by Cardi B stating "Cardi B's
14   Tom Ford Lipstick has already SOLD OUT!!!," to which Cardi B. commented
15   "Sorry :/....." *Id.* at 576–78. The article accompanying the image reported about the
16   Cardi B post. *Id.* at 576. *Walsh* has been repeatedly followed in subsequent district
17   court opinions analyzing fair use on a motion to dismiss for analogous fact patterns.
18   *See, e.g., Boesen*, 2020 U.S. Dist. LEXIS 203682, at *8 ("I agree with [*Walsh*'s]
19   reasoning and apply it here."); *Whiddon v. Buzzfeed, Inc.*, 2022 U.S. Dist. LEXIS
20   197694, at *17 (S.D.N.Y. Oct. 31, 2022) (following *Walsh* and *Boesen*). These on-
21   point decisions should be adopted as persuasive authority. *See Steward v. West*, No.
22   CV 13-02449 BRO (JCx), 2014 U.S. Dist. LEXIS 186012, at *21 (C.D. Cal. Aug.
23   14, 2014) (finding "[t]wo cases from the Southern District of New York dealing
24   with similar issues are instructive" in the context of copyright analysis).
25   Hip Hollywood used a screenshot of Lil Uzi Vert's Instagram Stories post
26   featuring the photograph at issue, to which Lil Uzi Vert superimposed his comment
27   "Can't be true." Def.'s RJN, Ex. 2. Hip Hollywood's accompanying article is
28   expressly about Lil Uzi Vert's Instagram post, which illustrated its article that the

rapper, using Instagram, "shared his shock and disbelief on social media" by making the post with his superimposed comment and unfollowing Rihanna on Instagram. *Id.* Because the article's focus was on the fact that Lil Uzi Vert had disseminated Plaintiff's photograph, it constitutes paradigmatic fair use. *Compare Walsh*, 464 F. Supp. 3d at 583–84 ("Defendant embedded the entire Instagram Post… along with Cardi B's caption and various Instagram standard links, making clear that the subject of the image was the Post, not the Photograph."); *Boesen*, 2020 U.S. Dist. LEXIS 203682, at *9 (E.D.N.Y. Nov. 2, 2020) ("The article did not use plaintiff's photograph 'as a generic image' of Wozniacki… Rather, it embedded the Instagram post announcing her retirement—which incidentally included the photograph—because 'the fact that [Wozniacki] had disseminated' that post 'was the very thing the Article was reporting on.'"); *Whiddon,* 2022 U.S. Dist. LEXIS 197694, at *18 ("The focus of the article is Ms. Mitchell's decision to disseminate the Photographs of her accident, and the resulting critique of that decision. Buzzfeed's use of screenshots, which include all the elements of the Post, such as the Instagram branding and Ms. Mitchell's caption, make absolutely clear that the focus of its reporting is on the Post and the controversy.").

At all times, the Hip Hollywood article's focus is on Lil Uzi Vert's reaction to seeing and subsequent dissemination of Plaintiff's photograph, only pausing to snarkily comment about how the author of the photograph even knew it depicted Rihanna, as she is wearing a "sleeping bag"-style hooded winter coat and her face is obscured by a medical mask, a baseball cap, and the coat's hood. Def.'s RJN, Ex. 2. The article continues, reporting news that Lil Uzi Vert has since made amends with his on-again-off-again girlfriend JT and gifted her a luxury car upgrade for her birthday. *Id.* The Hip Hollywood article was not about the news of Rihanna and A$AP Rocky's romantic relationship, nor did the photograph illustrate an article about that news. In fact, in its first sentence, the article links to another, separate Hip Hollywood article about the Rihanna-A$AP Rocky relationship news. *Id.*

As its basis for the instant motion, Defendant asserts that using a screenshot of Lil Uzi Vert's Instagram Stories post that, in turn, used Plaintiff's paparazzi photograph is protected from liability by the fair use doctrine under the Copyright Act. Section 107 provides four factors to consider in determining whether fair use is an available defense: (1) the purpose and character of the use; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107. The factors are not to be analyzed in isolation, but "weighed together, in light of the purposes of copyright" and the facts of a given case. *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 578 (1994); *see Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 818 (9th Cir. 2003) (noting that courts must "balance these factors in light of the objectives of copyright law, rather than view them as definitive or determinative tests."). Ruling on a Federal Rules of Civil Procedure, Rule 12(c) motion, the *Walsh* court applied the four fair use factors. *Walsh* at 580-86.

### 1. Purpose and Character of Use

As the Supreme Court has explained, the question posed by the first fair use factor is whether a defendant's work "merely 'supersede[s] the objects' of the original creation… or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative.'" *Campbell*, 510 U.S. at 579. Transformative works "lie at the heart of the fair use doctrine's guarantee of breathing space within the confines of copyright." *Id.* Therefore, a work is considered transformative if "new expressive content or message is apparent." *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1177 (9th Cir. 2013); *see also Cariou*, 714 F.3d at 708 (artist's altering of photographs were transformative because they had a "fundamentally different aesthetic"); *Kelly*, 336 F.3d at 818–20 (use of photographs as thumbnail images in a search engine was

transformative because it had a different purpose than the original artwork). "[T]he more transformative the new work, the less will be the significance of other factors . . . that may weigh against a finding of fair use." *Campbell*, 510 U.S. at 579.

The *Walsh* court found that the first factor favored fair use in that XXL Mag used the photograph at issue "for an entirely different purpose than originally intended." *Walsh* at 581. The purpose of the original photograph was to depict Cardi B at a fashion show, while XXL Mag used it to report on Cardi B's Instagram Post, and the "[p]ost, not the image that was posted, was 'itself the subject of the story.'" *Walsh* at 582 (quoting *Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339, 352 (S.D.N.Y. 2017)). The court found that XXL Mag published Cardi B's post to provide its readers with the social media interactions that were the subject of its article, and that the plaintiff's photograph was a necessary part of Cardi B's post. On this basis, the court found that the originally intended function of the photograph "was wholly 'transform[ed] ... in [its] new context,' and as a result the Article's publication of the Post in no way 'merely supersedes' the original work." *Walsh* at 583 (citations omitted, brackets and ellipses original) (quoting *Barcroft Media, Ltd.* at 352; *Campbell* at 579); *accord Boesen,* 2020 U.S. Dist. LEXIS 203682, at *8-9; *Whiddon,* 2022 U.S. Dist. LEXIS 197694, at *15.

Here, Plaintiff's photograph depicts Rihanna and A$AP Rocky on the street together. That is its purpose: to depict the two celebrities together. Comparatively, the purpose of Hip Hollywood's use was to report on Lil Uzi Vert's Instagram post reacting to and commenting on the photograph and the status of Lil Uzi Vert's romantic life more generally. The originally intended function of the photograph does not and cannot possibly be Lil Uzi Vert's Instagram post and superimposed comment about his disappointment that Rihanna and A$AP Rocky were photographed together. This factor thus weighs in favor of Defendant.

**2. Nature of Copyrighted Work**

The second fair use factor examines whether the work in suit is of a type

8

"closer to the core of intended copyright protection." *Campbell*, 510 U.S. at 586. This factor tips in favor of fair use when the work's primary use is informational rather than creative. *Kelly*, 336 F.3d at 820; *see Los Angeles News Service v. CBS Broadcasting, Inc.*, 305 F.3d 924 (9th Cir. 2002) (re-publication of news report was a fair use because it was informational rather than creative); *Barcroft Media, Ltd.*, 297 F. Supp. 3d at 354 ("Although photography, including photography of a celebrity walking around in public, certainly involves skill and is not devoid of expressive merit, [paparazzi images] are further from the core of copyright protections than creative or fictional works would be.") *see also Equals Three, LLC v. Jukin Media, Inc.*, 139 F. Supp. 3d 1094, 1106 (C.D. Cal. 2015) ("The Ninth Circuit has recognized that a 'point-and-shoot' photograph is not on the same level as the works of famous photographers.") (quoting *Monge v. Maya Mags., Inc.*, 688 F.3d 1164, 1177 (9th Cir. 2012). "In assessing this factor, 'courts consider whether a work is creative versus factual, and unpublished versus published, with copyright protections applying more broadly to creative and unpublished works.'" *Walsh* at 585 (quoting *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 408 (S.D.N.Y. 2016)). Ultimately, however, "this factor is not terribly significant in the overall fair use balancing." *Calkins v. Playboy Enterprises Int'l, Inc.*, 561 F. Supp. 2d 1136, 1142 (E.D. Cal. 2008). This is particularly true in the context of reporting on a social media post. *Whiddon*, 2022 U.S. Dist. LEXIS 197694, at *22 ("under these circumstances, the Court assigns this second statutory factor much less heft than the first.").

 In *Walsh*, the court found that this factor favored the defendants too, on the basis that when examining a paparazzi photograph, "'the degree of creativity a relatively neutral consideration'" and the fact that the photograph was previously published. *Walsh* at 585 (quoting *BWP Media USA, Inc.* at 408).

 After Plaintiff's photograph was initially published, Lil Uzi Vert reposted the photograph to his Instagram Stories, superimposing his commentary. Then, Hip

Hollywood used the image of Lil Uzi Vert's post to illustrate its article about that very same post. Thus, the fact that Plaintiff's photograph had been previously published, alongside the "relatively neutral" creative aspects of the work and the transformative nature of Hip Hollywood's use, supports Defendant's fair use. Accordingly, the second fair use factor weighs in favor of Defendant.

### 3. Amount and Substantiality Used

The third fair use factor considers the quality and quantity of the work taken. *Campbell*, 510 U.S. at 586–87. The "extent of permissible copying varies with the purpose and character of the use. *Id.* at 586. "If the secondary user only copies as much as is necessary for his or her intended use, then this factor will not weigh against him or her." *Kelly*, 336 F.3d at 820–21. As such, even reproducing an entire work does not weigh against fair use if it was "reasonable to do so in light of [] the purpose for using [the work]." *Calkins*, 561 F. Supp. 2d at 1143 ("it was necessary for PEI to copy the entire Photograph in order to personalize Shannon by showing Playboy readers how Shannon looked as a high school senior. To use a lesser portion of the Photograph would have defeated PEI's purpose for using it").

When finding that this factor weighed in favor of the defendant, the *Walsh* court explained that the Cardi B Instagram post "is the only image that could have accomplished XXL Mag's journalistic objective of describing a social media story and providing readers with the relevant posts. Even the Photograph itself, on its own, would not have been a reasonable substitute. Further, within its objective, Defendant used only as much of the Photograph as was already included in Cardi B's Post; in other words, 'no more was taken than necessary.'" *Walsh* at 586 (quoting *N. Jersey Media Grp. Inc. v. Pirro*, 74 F. Supp. 3d 605, 621 (S.D.N.Y. 2015)). In support of its finding, the *Walsh* court also cited *Yang v. Mic Network, Inc.*, 405 F. Supp. 3d 537 (S.D.N.Y. 2019), restating that "'if copying the original "any less would [make] the picture useless to the story[,]" the substantiality of the copying is 'of little consequence.'" *Id.* (quoting *Yang* at 546-47).

Indeed, because Hip Hollywood was reporting on Lil Uzi Vert's social media post, the presentation of Plaintiff's photograph in that post was dictated entirely by Lil Uzi Vert. *See Boesen*, 2020 U.S. Dist. LEXIS 203682, at *13-14 (E.D.N.Y. Nov. 2, 2020) (where "the purpose of the story" was "to inform readers about a celebrity's "announcement on social media," "[o]nly reproducing that post could achieve that aim."); *Whiddon*, 2022 U.S. Dist. LEXIS 197694, at *17 ("No other images could serve the same purpose as the screenshots in the Post.").

This case presents identical facts concerning Hip Hollywood's use of Lil Uzi Vert's Instagram post, as using any less of the photo contained in Lil Uzi Vert's post would be useless. Thus, the third fair use factor weighs in favor of Defendant.

### 4. Effect of Use on Market

The fourth fair use factor focuses on whether the allegedly infringing work acts as a market substitute for the original work. *Seltzer*, 725 F.3d at 1179. If it is clear that the use of the allegedly infringing work will have no impact on the plaintiff's market, then a finding of fair use is appropriate. *Kelly*, 336 F.3d at 944. Where transformative use is implicated, it inherently serves a different market than the original work. *See Seltzer*, 725 F.3d at 1179 (finding "no reasonable argument that conduct of the sort engaged in by [the defendant] [was] a substitute for the primary market for [the plaintiff's] art.").

When evaluating the effect of XXL Mag's use of the photograph on the market or value of the underlying work, the *Walsh* court found this last factor to favor defendant's fair use "because the Photograph did not appear on its own, but as part of the Post, alongside text and another image, it is implausible that Defendant's use would compete with Plaintiff's business or affect the market or value of her work." *Walsh* at 586 (citing *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015); *Yang* at 548; *Clark v. Transportation Alternatives, Inc.*, No. 18 CIV. 9985 (VM), 2019 WL 1448448, at *4 (S.D.N.Y. Mar. 18, 2019)).

Here, Hip Hollywood's use of Plaintiff's photo likewise (1) did not appear on its own, but as part of Lil Uzi Vert's Instagram Stories post, (2) appeared superimposed with Lil Uzi Vert's textual comment, and (3) appeared alongside the indicators that it was a post made to Instagram by Lil Uzi Vert about 6 hours before the screenshot was made, including the superimposed photographic icon indicating Lil Uzi Vert is the poster. "Additionally, the post used a cropped low-resolution version of the photograph that would be a poor substitute for the original." *Boesen*, 2020 U.S. Dist. LEXIS 203682, at *15.

Just as there was little risk that someone looking to license the image of Cardi B at issue in *Walsh* would select Cardi B's post instead of the original image (*Walsh* at 586), there is little risk that a licensee would select Hip Hollywood's use of Lil Uzi Vert's Instagram Stories post en lieu of licensing Plaintiff's work. Therefore, the fourth fair use factor weighs in favor of Defendant.

### B. PLAINTIFF'S COMPLAINT CANNOT BE CURED BY AMENDMENT

When a motion to dismiss is granted, the court must decide whether to grant leave for the plaintiff to amend its complaint. Although the Ninth Circuit has a liberal policy favoring amendment, *see, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992), a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

Here, Plaintiff would still be unable to demonstrate that Defendant infringed its work because Defendant's use of a screenshot of Lil Uzi Vert's Instagram Stories post that used Plaintiff's work is clearly a fair use. Therefore, it would be futile to grant Plaintiff leave to amend its fatally defective complaint.

### IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Complaint should be dismissed with

prejudice, and the Court should issue an order to show cause for why Defendant should not be awarded its reasonable costs, including attorneys' fees, under section 505 of Title XVII of the United States Code. *See Stern v. Does*, 978 F.Supp.2d 1031, 1050 n. 13, 1052 (C.D. Cal 2011); *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016) (courts may award fees to deter "overaggressive assertions of copyright claims").

Dated: November 28, 2022

**JOHNSON & JOHNSON LLP**

By /s/ Douglas L. Johnson

Douglas L. Johnson
Daniel B. Lifschitz
Aleeza L. Marashlian
*Attorneys for Defendant*