**SANDERS LAW GROUP**
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125629

*Attorneys for Plaintiff*
*Chosen Figure, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chosen Figure, LLC, | Case No. 2:22-cv-06518-MEMF (MAAx) |
| Plaintiff, | **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS THE COMPLAINT** |
| v. | |
| Kevin Frazier Productions, Inc., | |
| Defendant. | Assigned to: Hon. Maame Ewusi-Mensah Frimpong |

Hearing Date:     March 23, 2023
Time:                    10:00 a.m.
Courtroom**:** 350 West 1st Street
                     Los Angeles, CA. 90012
                     Courtroom 8B

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................. ii

I.   INTRODUCTION ................................................................................... 1

II.  BACKGROUND ...................................................................................... 2

   A. The Parties ..................................................................................... 2

   B. Facts .............................................................................................. 2

III. ARGUMENT ........................................................................................... 4

IV.  STANDARDS OF REVIEW ................................................................... 6

   A. Standard of Review – Motion to Dismiss ....................................... 6

   B. Standard of Review – Copyright Infringement ............................... 7

   C. Standard of Review – Fair Use ....................................................... 8

V.   DEFENDANT'S MOTION MUST FAIL ............................................... 8

   A.   Defendant's Appropriation of Plaintiff's Photograph does not

      Qualify as a Fair Use as a Matter of Law .................................. 10

       1.   The First Factor for Fair Use Weighs Against Defendant ......... 11

       2.    The Second Factor Favors Plaintiff ........................................... 14

       3.   The Third Factor Favors Plaintiff .............................................. 15

       4.   The Fourth Factor Favors Plaintiff ............................................ 16

VI.  DEFENDANT'S RELIANCE ON *WALSH* IS MISPLACED ..................... 18

VII. THE COMPLAINT CAN BE CURED BY AMENDMENT ....................... 21

VIII. CONCLUSION .......................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
    239 F.3d 1004 (9th Cir. 2001) ............................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) ...................6

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1990) ...............................................................6

*Baraban v. Time Warner, Inc.*,
    No. 99 Civ. 1569 (JSM), 2000 WL 358375 (S.D.N.Y. Apr. 6, 2000) .............14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007) ...................6

*Boesen v. United Sports Publications, Ltd.*,
    No. 20CV1552ARRSIL, 2020 WL 6393010 (E.D.N.Y. Nov. 2, 2020),
    reconsideration denied, No. 20CV1552ARRSIL, 2020 WL 7625222
    (E.D.N.Y. Dec. 22, 2020) ...................................................................19

*Bridge Publications, Inc. v. Vien*,
    827 F. Supp. 629 (S.D. Cal. 1993)......................................................13

*Campbell v. Acuff–Rose Music, Inc.*,
    510 U.S. 579, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994) ...................... 12, 16, 17

*Chicago Bd. of Educ. v. Substance, Inc.*,
    354 F.3d 624 (7th Cir. 2003) ..............................................................17

*De Fontbrune v. Wofsy*,
    39 F.4th 1214 (9th Cir. 2022) .............................................................20

*Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Stud.*,
    No. 19-55264, 2021 WL 3721438 (9th Cir. Aug. 23, 2021)...........................21

*Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*,
    109 F.3d 1394 (9th Cir. 1997) ............................................................15

*DraftExpress, Inc. v. Whistle Sports, Inc.*,
    No. CV 22-488-DMG (AGRX), 2022 WL 16962285 (C.D. Cal. Aug. 2,
    2022) ...................................................................................................11

*Ellis v. Infinite Labs, LLC*,
  No. SACV13241JLSANX, 2014 WL 12558115 (C.D. Cal. Aug. 1,
  2014) ............................................................................................................7

*Elvis Presley Enters., Inc. v. Passport Video*,
  349 F.3d 622 (9th Cir. 2003) ..................................................... 12, 16

*Ets–Hokin v. Skyy Spirits, Inc.*,
  225 F.3d 1068 (9th Cir. 2000) ...........................................................14

*Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*,
  654 F.3d 989 (9th Cir. 2011) .............................................................12

*Google LLC v. Oracle Am., Inc.*,
  141 S. Ct. 1183 (2021)........................................................................10

*Harper & Row, Publishers, Inc. v. Nation Enters.*,
  471 U.S. 539, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985) ............................ passim

*Hunley v. Instagram, LLC*,
  No. 21-CV-03778-CRB, 2021 WL 4243385 (N.D. Cal. Sept. 17, 2021) .........19

*Kelly v. Arriba Soft Corp.*,
  336 F.3d 811 (9th Cir. 2003) .............................................................10

*Logan v. Meta Platforms, Inc.*,
  No. 22-CV-01847-CRB, 2022 WL 14813836 (N.D. Cal. Oct. 25, 2022) ........19

*Los Angeles News Serv. v. CBS Broad., Inc.*,
  305 F.3d 924 (9th Cir.), opinion amended on denial of reh'g, 313 F.3d
  1093 (9th Cir. 2002)...........................................................................16

*Mack v. South Bay Beer Distrib.*,
  798 F.2d 1279 (9th Cir.1986) ..............................................................7

*Mattel, Inc. v. Walking Mountain Prods.*,
  353 F.3d 792 (9th Cir. 2003) .............................................................15

*McGucken v. Pub Ocean Ltd.*,
  42 F.4th 1149 (9th Cir. 2022) ...........................................................15

*Mir v. Little Co. of Mary Hosp.*,
  844 F.2d 646 (9th Cir. 1988) ..............................................................7

*Monge v. Maya Magazines, Inc.*,
  688 F.3d 1164 (9th Cir. 2012) ................................................. passim

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Murphy v. Millennium Radio Grp. LLC*,
   650 F.3d 295 (3d Cir. 2011) ............................................................9

*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) ............................................................2

*Núñez v. Caribbean Int'l News Corp.*,
   235 F.3d 18 (1st Cir. 2000)..............................................................9

*Otto v. Hearst Commc'ns, Inc.*,
   345 F. Supp. 3d 412 (S.D.N.Y. 2018) ............................................20

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) .........................................................13

*Perfect10, Inc. v. Giganews, Inc.*,
   847 F.3d 657 (9th Cir. 2017) ............................................................7

*Sega Enterprises Ltd. v. Accolade, Inc.*,
   977 F.2d 1510 (9th Cir. 1992), <u>as amended</u> (Jan. 6, 1993) ...............8

*Seltzer v. Green Day, Inc.*,
   725 F.3d 1170 (9th Cir. 2013) .........................................................11

*SHL Imaging, Inc. v. Artisan House, Inc.*,
   117 F.Supp.2d 301 (S.D.N.Y. 2000) ..............................................15

*Sofa Ent., Inc. v. Dodger Prods., Inc.*,
   782 F. Supp. 2d 898 (C.D. Cal. 2010), aff'd, 709 F.3d 1273 (9th Cir. 2013) ...............................................................................................12

*Sony Corp. of America v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984)........................................................................13

*Strauss v. Hearst Corp.*,
   No. 85 Civ. 10017 (CSH), 1988 WL 18932 (S.D.N.Y. Feb. 19, 1988) ............15

*Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors*,
   786 F.2d 1400 (9th Cir. 1986) .........................................................15

*Wall Data v. Los Angeles Cty Sheriff's Dept,*,
   447 F.3d 769, (9th Cir. 2006) .........................................................13

*Walsh v. Townsquare Media, Inc.*,
   464 F. Supp. 3d 570 (S.D.N.Y. 2020), reconsideration denied, 565 F. Supp. 3d 400 (S.D.N.Y. 2021)............................................................18

*Whiddon v. Buzzfeed, Inc.*,
    No. 22 CIV. 4696 (CM), 2022 WL 16555584 (S.D.N.Y. Oct. 31, 2022),
    reconsideration denied, No. 22 CIV. 4696 (CM), 2022 WL 17632593
    (S.D.N.Y. Dec. 13, 2022) ....................................................................................19

**Statutes**

17 U.S.C.
    § 102(a) ......................................................................................................................7
    § 106..........................................................................................................................7
    § 107(3) ....................................................................................................................16
    §107..........................................................................................................................11
    §107(3) .....................................................................................................................16

**Treatises**

4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* §
    13.08[B][1]...............................................................................................................9

Pierre N. Leval, *Toward a Fair Use Standard*, 103 HARV. L. REV. 1105,
    1111 (1990)..............................................................................................................12

## I. **INTRODUCTION**

The Complaint in this action alleges that Defendant Kevin Frazier Productions, Inc. ("*Defendant*") infringed a copyright owned by Plaintiff Chosen Figure, LLC ("*Plaintiff*") when it copied, stored and displayed a photograph authored by Plaintiff on its website, without license, authorization or other permission from Plaintiff to use the photograph.  Notwithstanding the well-pleaded allegations of the Complaint, Defendant now moves this Court for an Order dismissing Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), alleging that the Complaint fails to state a claim for relief on the grounds that Defendant's use of the photograph is purportedly protected by the "Fair Use" doctrine.

Defendant's motion to dismiss must be denied for a variety of reasons that are nearly too numerous to list.  By way of example, but without limitation, Defendant's unlicensed use of Plaintiff's photograph: (i) was not in any way transformative (ii) was clearly for a commercial purpose; (iii) Defendant's self-professed status as an entertainment news outlet is precisely the target audience to whom Plaintiff markets and licenses its photographs; and (iv) the unauthorized use made by Defendant was for precisely the same purpose to that of Plaintiff's *bona fide* licensees.

Finally, and perhaps most importantly, Defendant misapprehends or misrepresents the near-singular authority on which its motion relies.  More specifically, the cases cited by Defendant are readily distinguishable in at least two significant respects.  First, in the cases cited by Defendant, the accused infringers had reproduced Instagram posts and were commenting on the *posts,* not on the photographs contained therein, which were incidental to the accused infringers' purpose.  Second, the photographs at issue in those cases were embedded, rather than hosted and displayed directly by the accused infringers.  Each of these facts was critical to the court's finding of fair use.

For all these reasons, as well as those set forth *infra,* the Court should find that

Defendant has failed to show that its unauthorized use of Plaintiff's photograph qualifies as a fair use as a matter of law and, by extension, that the motion be denied.

## II.   BACKGROUND

The facts of this case are taken from the Complaint [*Dkt. No.* 1 (the "*Complaint*")], unless otherwise indicated. The factual allegations of the Complaint must be accepted as true for the purposes of considering Defendant's motion to dismiss.[1]

### A.   The Parties

Plaintiff is the legal and rightful owner of photographs which it licenses to online and print publications. [*Complaint*, at ¶ 10]. Plaintiff has invested significant time and money in building its photograph portfolio. [*Id.* at ¶ 11]. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of its photographs, including the ones at issue in this matter, while others are the subject of pending copyright applications. [*Id.* at ¶ 12]. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests. [*Id.* at ¶ 13].

Defendant is a California corporation with a principal place of business in Los Angeles County, California. [*Id.* at ¶ 6]. Defendant is a self-proclaimed "Black-focused entertainment news outlet," which operates a website known as "Hip Hollywood," located at hiphollywood.com. (the "*Website*") [*Dkt. No.* 13-1 at p. 1]. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities. [*Dkt. No.* 1 at ¶ 15].

### B.   Facts

On December 2, 2020, at its own cost and expense, Plaintiff authored a

---

[1]   *See*, e.g., *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001) (on a motion to dismiss, "all material allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them").

photograph of Rhianna and A$AP Rocky on the streets of New York, in heavy jackets (the "*Photograph*"). [*Complaint* at ¶ 16]. Plaintiff applied to the USCO to register the Photograph on or about January 15, 2021 under Application No. 1-1007693345. [*Id.* at ¶ 17]. The Photograph was registered by the USCO on January 15, 2021, under Registration No. VA 2-233-243. [*Id.* at ¶ 18].

On May 10, 2022, Plaintiff first observed the Photograph on the Website in a post that is dated December 3, 2020. [*Id.* at ¶ 19]. Defendant displayed the Photograph at URL:https://www.hiphollywood.com/2020/12/lil-uzi-vert-unfollows-crushrihanna-because-shes-dating-aap-rocky/. [*Id.* at ¶ 20]. The Photograph was stored directly on Defendant's server at URL: https://www.hiphollywood.com/wp-content/uploads/2020/12/0E6B77B6-7F3F-41E8-8A64-8DB49D039A22.jpeg. [*Id.* at ¶ 21]. Upon information and belief, the Photograph was posted to the Website Defendant by Jasmine Simpkins, an employee of Defendant whose LinkedIn page lists her as a "Senior Producer/Correspondent" for Defendant. [*Id.* at ¶ 27].

The Photograph was copied, stored and displayed without license or permission, thereby infringing on Plaintiff's copyrights (hereinafter the "*Infringement*"). [*Id.* at ¶ 23]. The Infringement includes a Uniform Resource Locator ("*URL*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement. [*Id.* at ¶ 24]. Plaintiff's Photograph (left) and Defendant's infringement (right) may be compared as follows:

1
2
3
4
5
6
7
8
9
10
11

 

12    Defendant posted the Photograph on its Website in connection with an article
13  titled "Lil Uzi Vert Unfollows Crush Rihanna because She's Dating A$AP Rocky."
14  [*Dkt. No.* 1-2; 14-2].  Plaintiff's Photograph was featured beneath the words "'Cant
15  [sic.] be True' he [Lil Uzi Vert] wrote on his Instagram Stories of one photo of the
16  couple.   He also unfollowed Rihanna on Instagram."   [*Dkt. No.* 1-2; 14-2].
17  Defendant does not deny that it did not have a license or other permission from
18  Plaintiff to use the Photograph.  [*see, generally, Dkt. No.* 13-1].  Defendant similarly
19  admits that the Photograph appeared on its Website as described above.  [*Id.*].
20    Faced with these admissions, Defendant argues that its unauthorized posting
21  of the Photograph was not an infringement of Plaintiff's copyright, because the use
22  was purportedly "fair."  For the reasons set forth herein, the Court should reject this
23  argument on both the facts and law.

## III.   <u>ARGUMENT</u>

25    Defendant's motion to dismiss must be denied insofar as it is legally and
26  factually erroneous.  The motion is legally erroneous to the extent that it draws its

27
28

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1   primary support from the decisions of sister Districts outside of this Circuit, which
2   are not binding on this Court.  *See, e.g., Arab v. BMW of N. Am., LLC*, No.
3   SACV1901303DOCJDE, 2020 WL 6565308, at *2 (C.D. Cal. Sept. 8, 2020) ("while
4   the Court has the utmost respect for its sister district courts, their opinions, while
5   potentially persuasive or instructive, are not binding upon this Court").  Further, the
6   Court should not find the "authority" relied upon by Defendant to be either
7   persuasive or instructive, insofar as the cases on which Defendant relies are readily
8   distinguishable and, in this context, support Plaintiff, not Defendant.

9       The motion is also factually erroneous, to the extent that it relies on the
10  contention that Defendant's use of the Photograph was purportedly transformative.
11  It was not.  To the extent that Defendant is heard to argue that the overlay of the
12  words "Can't Be True" on the Photograph transformed it, such modification was
13  made by Lil Uzi Vert, not by Defendant.  Therefore, to the extent that such
14  captioning was transformative, which it is not, that transformation was not
15  undertaken by Defendant. Further, Defendant's article was not transformative with
16  respect to Plaintiff's original Photograph—or even to Lil Uzi Vert's posting—to the
17  extent that Defendant's caption merely described what could be seen in the
18  Photograph (" 'Cant be True' he wrote on his Instagram Stories of one photo of the
19  couple'.")  As will be set forth more fully herein, this mere description of what the
20  viewer would otherwise see in the Photograph falls woefully short of being
21  "transformative" for purposes of a fair use analysis.

22      As will be set forth in further detail *infra*, Defendant's infringement was not
23  a fair use for reasons including, but not limited to, that the unauthorized use of
24  Plaintiff's Photograph was not sufficiently transformative and was for a clearly
25  commercial purpose; and the Photograph was created for the purpose of licensing it
26  to gossip media outlets, which Defendant holds itself out to be. In other words, to
27  permit the unauthorized use of a duly copyright protected work by an "entertainment
28

news website" on the theory advanced by Defendant would adversely impact the licensing market for Plaintiff (and others who rely on the ability to create and market exclusive and original content). That is because if a would-be infringer could appropriate any content it wanted, merely by relying on its (self-assigned) status as a "news organization," authors such as Plaintiff would cease creating content because they would not be paid for their work or labors. Indeed, the very fact that Defendant chose Plaintiff's Photograph for its "entertainment news website" shows that the Photograph has commercial value. To allow media outlets such as Defendant to appropriate such content for themselves without paying the author for his labors would be antithetical to copyright.

## IV.   STANDARDS OF REVIEW

In evaluating Defendant's motion to dismiss, the Court should be guided by at least three principles of law. In no particular order, they are: (i) the standards applicable to a motion to dismiss generally; (ii) those applicable to stating a *prima facie* claim of copyright infringement; and (iii) those applicable to a fair use defense.

### A.   Standard of Review – Motion to Dismiss

Fed. R. Civ. P. Rule 12(b)(6) permits dismissal of a complaint, as a matter of law, for failure to state a claim for "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citation omitted). To survive a 12(b)(6) motion, a plaintiff must allege enough facts to state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). A claim is facially plausible when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing Twombly, 550 U.S. at 556). Plausibility does not mean probability, but it does require "more than a sheer possibility that a

1   defendant has acted unlawfully." *Id.* at 678.

2       When deciding a motion to dismiss, "the court accepts the facts alleged in the

3   complaint as true." *Balistreri*, 901 F.2d at 699. Dismissal is not warranted unless "it

4   is clear that no set of facts in support of the plaintiff's claim would entitle him to

5   relief." *Mir v. Little Co. of Mary Hosp.,* 844 F.2d 646, 649 (9th Cir. 1988) *citing*

6   *Mack v. South Bay Beer Distrib.,* 798 F.2d 1279, 1282 (9th Cir. 1986).

7                    **B. <u>Standard of Review – Copyright Infringement</u>**

8       As the Court is aware, to establish a *prima facie* case of direct copyright

9   infringement, a plaintiff "must show ownership of the allegedly infringed material"

10  and "demonstrate that the alleged infringers violated at least one exclusive right

11  granted to copyright holders under 17 U.S.C. § 106." *Perfect10, Inc. v. Giganews,*

12  *Inc.*, 847 F.3d 657, 666 (9th Cir. 2017) (quoting *A&M Records, Inc. v. Napster, Inc.*,

13  239 F.3d 1004, 1013 (9th Cir. 2001)).

14      The Complaint in this case clearly states a claim upon which relief can be

15  granted insofar as Plaintiff's registration is *prima facie* evidence of a valid copyright,

16  and Defendant has not rebutted the presumption that the Photograph is a

17  copyrightable "original work[ ] of authorship fixed in [a] tangible medium of

18  expression." 17 U.S.C. § 102(a). See also *Monge v. Maya Magazines, Inc.,* 688 F.3d

19  1164, 1177 (9th Cir. 2012) ("Photos are generally viewed as creative, aesthetic

20  expressions of a scene or image and have long been the subject of copyright."); *Ellis*

21  *v. Infinite Labs, LLC*, No. SACV13241JLSANX, 2014 WL 12558115, at *3 (C.D.

22  Cal. Aug. 1, 2014). Further, Defendant admits that it did not have a license or other

23  permission from Plaintiff to use its Photograph, and the infringing post remains

24  viewable     as     of     the     date     of     this     Opposition     (*see*,

25  https://www.hiphollywood.com/2020/12/lil-uzi-vert-unfollows-crush-rihanna-

26  because-shes-dating-aap-rocky/).

27

28

C. <u>Standard of Review – Fair Use</u>

Section 107 of the Copyright Act lists four (4) factors to be considered when determining whether a particular use is a fair one, which are as follows:

(1)     the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2)     the nature of the copyrighted work;

(3)     the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4)     the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The doctrine of fair use is "an equitable rule of reason" and thus the "statutory factors are not exclusive." *Sega Enterprises Ltd. v. Accolade, Inc.*, 977 F.2d 1510, 1522 (9th Cir. 1992), <u>as amended</u> (Jan. 6, 1993).

V.   **<u>DEFENDANT'S MOTION MUST FAIL</u>**

In its motion to dismiss, Defendant claims that its appropriation of Plaintiff's Photograph is not an infringement of Plaintiff's copyright because Defendant's use was purportedly a fair use as that term is defined in 11 U.S.C. §107.  It becomes clear from a reading of the motion that Defendant misunderstands and/or misapprehends the fair use defense, to the extent Defendant contends that its unauthorized use of the Photograph was transformative or was otherwise used in connection with "news reporting," as if the mere usage for allegedly newsworthy content is sufficient in and unto itself for fair use.

Contrary to Defendant's belief that establishing a fair use defense is as straightforward as claiming a use to be fair, this Circuit has consistently found that "the fair use doctrine has been called "the most troublesome in the whole law of copyright." *Monge*, 688 F.3d at 1170.  The defense "presumes that unauthorized

copying has occurred and is instead aimed at whether the defendant's use was fair." *Id*. As with all affirmative defenses, Kevin Frazier Productions, as the defendant, bears the burden of proof. *Id*. (citing *Harper & Row, Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 561, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)). Importantly, even if Defendant believes it acted in good faith, "the innocent intent of the defendant constitutes no defense to liability." Id. quoting 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 13.08[B][1] (Matthew Bender rev. ed. 2011). This is particularly so where, as here, Defendant attempts to ascribe some privilege to itself my merely identifying itself as a news organization. That is not how the fair use doctrine is interpreted.

As the *Monge* Court held, "[a]lthough news reporting is an *example* of fair use, it is not sufficient itself to sustain a *per se* finding of fair use." *Monge*, 688 F.3d at 1173 (emphasis added). The "fact that an article arguably is 'news' and therefore a productive use is simply one factor in a fair use analysis." *Id*. (quoting *Harper & Row*, 471 U.S. at 561, 105 S.Ct. 2218). "In other words, fair use has bounds even in news reporting, and no per se "public interest" exception exists." *Id*. (citing *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 307 (3d Cir. 2011) ("[N]ews reporting does not enjoy a blanket exemption from copyright. News organizations are not free to use any and all copyrighted works without the permission of the creator simply because they wish to report on the same events a work depicts")). Elsewhere it has been held that allowing the publication of pictures for news purposes could be a fair use under certain circumstances, but clarifying that "[t]his is not to say that ... use of the photographs was necessarily fair merely because the photographs were used for news purposes, nor does it establish a general 'newsworthiness' exception." *Núñez v. Caribbean Int'l News Corp*., 235 F.3d 18, 22 (1st Cir. 2000).

Critical to this case, the Supreme Court held "[i]t is fundamentally at odds with the scheme of copyright to accord lesser rights in those works that are of

greatest importance to the public.... [W]e see no warrant for expanding the doctrine of fair use to create what amounts to a public figure exception to copyright." *Harper & Row*, 471 U.S. at 559-560.  Further, as the Ninth Circuit has observed, "where the use is for the same intrinsic purpose as [the copyright holder's] ... such use seriously weakens a claimed fair use." *Kelly v. Arriba Soft Corp.*, 336 F.3d 811, 819 (9th Cir. 2003) (alteration in original).

In other words, it matters not if Defendant believes itself to be a news organization, that Lil Uzi Vert, Rihanna or A$AP Rocky are public figures, or that Defendant believed itself to have acted innocently.  None of these factors will absolve Defendant from an infringement of copyright for its intentional use of the Photograph, knowing that it did not own the rights to same and without obtaining a license from Plaintiff.  With this in mind, we turn to an examination of the four fair use factors to determine if Defendant's use is protected.  As the Court will see, it is not.

**A. Defendant's Appropriation of Plaintiff's Photograph does not Qualify as a Fair Use as a Matter of Law**

The Supreme Court has recently held that where the question of fair use is being asserted to support a dismissal pursuant to Rule 12(b)(6), "[r]eviewing courts should appropriately defer to the jury's findings of underlying facts, but the ultimate question whether those facts amount to a fair use is a legal question for judges to decide *de novo*." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183, 1186 (2021) (recognizing that the application of "fair use" might "involve determination of subsidiary factual questions, such as whether there was harm to the actual or potential markets for the copyrighted work…" wherein, in that case, the Federal Circuit [should leave] the "factual determinations to the jury and reviewing the ultimate question, a legal question, *de novo*.") (internal quotations and citations omitted.)

While it is true that Courts within this District have considered a fair use defense at the motion to dismiss stage, as Defendant points out [*Dkt. No.* 13-1 at Point III] (citing, *inter alia, DraftExpress, Inc. v. Whistle Sports, Inc*., No. CV 22-488-DMG (AGRX), 2022 WL 16962285 (C.D. Cal. Aug. 2, 2022)), that does not mean the Court should routinely usurp the providence of the jury to make factual determinations in order to render such decisions.  In either event, it is respectfully submitted that a weighing of the fair use factors favors Plaintiff, rather than Defendant and, therefore, the motion should be denied.

1.  **The First Factor for Fair Use Weighs Against Defendant**

The first factor of a fair use analysis under 17 U.S.C. §107(1), i.e. "the purpose and character of the use," is comprised of three (3) sub-factors.  The first inquiry instructs the Court to consider the purpose of the use.  The second inquiry instructs the Court to consider whether alleged infringer "transformed" the protected work in any way.  The third inquiry asks the Court to consider whether the use was commercial or nonprofit.  *See, e.g., Monge,* 688 F.3d at 1173.  As the Ninth Circuit has observed, the first and fourth fair use factors "have 'dominated the case law' and are generally viewed as the most important factors."  *Seltzer v. Green Day, Inc*., 725 F.3d 1170, 1179 (9th Cir. 2013).

As to the first inquiry, there is no broad umbrella protection against claims of copyright infringement merely because one describes itself as a 'news reporting agency' or because the work at issue is 'newsworthy.'  To the contrary, even where the parties agree that the picture at issue is newsworthy, the Court must nevertheless proceed cautiously because "[t]he promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work]." *Harper & Row*, 471 U.S. at 557, 105 S.Ct. 2218.  Here the purpose and character of the use by Defendant was to use the "draw" of Plaintiff's Photograph to bring visitors to its Website.  While at the very fringe of "news reporting," Defendant

did little, if anything, to develop any story beyond displaying the photograph and describing its contents.  That type of usage has rarely, if ever, been found fair.

As to the second inquiry, asking whether the defendant's use was transformative, the *Monge* Court explained that "[t]ransformation is a judicially-created consideration that does not appear in the text of the statute."  *Monge,* 688 F.3d at 1173.  Although not appearing in the statute, the Supreme Court explained this test as follows:

> "The central purpose of this investigation is to see, in Justice Story's words, whether the new work merely "supercede[s] the objects" of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; it asks, in other words, whether and to what extent the new work is 'transformative'."

*Campbell v. Acuff–Rose Music, Inc*., 510 U.S. 579, 114 S.Ct. 1164, 127 L.Ed.2d 500 (1994). "In other words, newsworthiness itself does not lead to transformation." *Monge,* 688 F.3d at 1176.  The same "applies with equal vigor to [merely placing] headlines or captions over still images."  *Id.* (citing *Elvis Presley Enters., Inc. v. Passport Video*, 349 F.3d 622, 628–29 (9th Cir. 2003), overruled on other grounds as stated in *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc*., 654 F.3d 989, 995 (9th Cir. 2011) (per curiam)); See also <u>Pierre N. Leval</u>, *Toward a Fair Use Standard*, 103 HARV. L. REV. 1105, 1111 (1990) (use of copyrighted material that "merely repackages or republishes the original" is unlikely to be fair use).

As Courts within this District have held, "the more 'transformative' the use of a copyrighted work, the more likely it is that the use will come within the protection of the fair use defense." *Sofa Ent., Inc. v. Dodger Prods., Inc.,* 782 F. Supp. 2d 898, 904-5 (C.D. Cal. 2010), aff'd, 709 F.3d 1273 (9th Cir. 2013)). "A use is considered transformative only where a defendant changes a plaintiff's

copyrighted work or uses the plaintiff's copyrighted work in a different context such that the plaintiff's work is transformed into a new creation." *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1165 (9th Cir. 2007) *citing Wall Data v. Los Angeles Cty Sheriff's Dept,,* 447 F.3d 769, 778 (9th Cir. 2006).

In this case, while Defendant argues in its motion that its use of the Photograph was purportedly transformative, the argument is far from clear. More specifically, Plaintiff cannot determine if Defendant is claiming to have transformed the Photograph itself, or, if Defendant is claiming that its article transforms the Photograph. Regardless of which argument Defendant is advancing, the facts do not support its contentions.

To the extent that Defendant is claiming to have transformed the Photograph itself, the argument is belied by Defendant's admission that it was Lil Uzi Vert who superimposed the words "Can't Be True" onto Plaintiff's Photograph. Therefore, Defendant did not transform the Photograph in any way. If Defendant is claiming that its article was transformative, that argument is equally unavailing, insofar as the article merely describes the Photograph, by captioning the Photograph with the phrase "Cant [sic.] Be True [Lil Uzi Vert] wrote on his Instagram Stories of one photo of the couple." [*Dkt. No.* 14-2]. Accordingly, either the transformation by captioning occurred by a party other than Defendant or Defendant failed to undertake any legally cognizable transformation activity supporting a finding of fair use.

As to the third inquiry, it cannot be disputed that Defendant's unauthorized use of the Photograph was commercial in nature, insofar as Defendant posted same to its monetized Website. In such an instance, it has been held that "commercial use of copyrighted material is presumptively unfair…" *Bridge Publications, Inc. v. Vien*, 827 F. Supp. 629, 635–36 (S.D. Cal. 1993) *citing Sony Corp. of America v. Universal City Studios, Inc*., 464 U.S. 417, 449–51 (1984).

Here, there can be no dispute that Defendant is a for-profit entity reporting on

"black entertainment news," and that it creates and distributes such content to the public. Plaintiff's Photograph was used on Defendant's Website to target its audience and garner pageviews and ad revenue. As such, Defendant sought to profit from the unauthorized use of Plaintiff's copyright without providing the proper licensing fee to Plaintiff. Since its usage was commercial, and since it usurps the market from Plaintiff's work, Defendant's use was presumptively unfair. *Id.*

Taken together, the Court must find that the first fair use factor favors Plaintiff, rather than Defendant.

### 2.   The Second Factor Favors Plaintiff

The second fair use factor tasks the Court with deciding whether the photograph at issue is creative. Although the Supreme Court has not expressly ruled on whether "the ordinary production of a photograph" necessarily exhibits sufficient originality to claim copyright, the Ninth Circuit has recognized that individual photos merit copyright protection. *Monge*, 688 F.3d at 1177 citing *Ets–Hokin v. Skyy Spirits, Inc*., 225 F.3d 1068, 1074 (9th Cir. 2000) ("Indeed, the idea that photography is art deserving [copyright] protection reflects a longstanding view of Anglo–American law"). The Ninth Circuit went on to note that while "point-and-shoot images here are hardly the work of famous photographers like Richard Avedon, Diane Arbus, or Annie Liebovitz … neither are they entirely factual in nature." *Id.* The mere fact that a photograph "documents an event does not turn a pictorial representation into a factual recitation of the nature referenced in *Harper & Row*." *Id.*

Similarly, a number of courts in the Second Circuit have held that photographs taken to document their subjects rather than to serve as art pieces carry no presumption as to a lack of creativity. See e.g. *Baraban v. Time Warner, Inc*., No. 99 Civ. 1569 (JSM), 2000 WL 358375, at *4 (S.D.N.Y. Apr. 6, 2000) ("Although photographs are often 'factual or informational in nature,' the art of photography has

generally been deemed sufficiently creative to make the second fair use factor weigh in favor of photographer-plaintiffs."); *SHL Imaging, Inc. v. Artisan House, Inc*., 117 F.Supp.2d 301, 310 (S.D.N.Y. 2000) (characterizing technical decisions regarding camera format, lens, or shutter speed as creative choices).  Indeed, a photographer's "efforts to create an aesthetically attractive, technically competent photograph," even of as seemingly banal a subject as fishing gear for a catalog, have been held to be "plainly creative expressions." *Strauss v. Hearst Corp.*, No. 85 Civ. 10017 (CSH), 1988 WL 18932, at *5 (S.D.N.Y. Feb. 19, 1988).

In this case, because the photographer had to "exercise both technical skill and aesthetic judgment when capturing the subject image[]," (*Id.*) the Court should find that Plaintiff's Photograph is sufficiently creative so as to warrant copyright protection.  In this regard, courts are encouraged to favor photograph authors in finding sufficient creativity for purposes of copyright because "this [nature of the copyrighted work] factor typically has not been terribly significant in the overall fair use balancing."  *Mattel, Inc. v. Walking Mountain Prods*., 353 F.3d 792, 803 (9th Cir. 2003) (quoting *Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc*., 109 F.3d 1394, 1402 (9th Cir. 1997)); see also *McGucken v. Pub Ocean Ltd*., 42 F.4th 1149, 1161 (9th Cir. 2022) ("[b]ecause this factor 'typically has not been terribly significant in the overall fair use balancing,' it merits only brief discussion").

As a result, the Court should find that the second fair use factor tips in favor of Plaintiff.

### 3.  <u>The Third Factor Favors Plaintiff</u>

The third factor of a fair use analysis instructs the Court to consider "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. §107(3). "[N]o more of a work may be taken than is necessary to make the accompanying comment understandable." *Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors,* 786 F.2d 1400, 1409 (9th Cir. 1986); *Sofa*

*Ent., Inc.*, 782 F. Supp. 2d at 907. The Supreme Court has explained that "the extent of permissible copying varies with the purpose and character of the use" and characterized the relevant inquiry as whether "'the amount and substantiality of the portion used['] ... are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586-87 (quoting 17 U.S.C. § 107(3)).

This factor evaluates both the quantity of the work taken and the quality and importance of the portion taken. *Campbell,* 510 U.S. at 586, 114 S.Ct. 1164. Regarding the quantity, copying "may not be excused merely because it is insubstantial with respect to the *infringing* work." *Harper & Row,* 471 U.S. at 565, 105 S.Ct. 2218 (emphasis in original). Regarding the qualitative nature of the work used, we look to see whether "the heart" of the copyrighted work is taken—in other words, whether the portion taken is the "most likely to be newsworthy and important in licensing serialization." *Campbell,* 510 U.S. at 586, 114 S.Ct. 1164; *see also Los Angeles News Serv. v. CBS Broad., Inc.,* 305 F.3d 924, 941 (9th Cir.), opinion amended on denial of reh'g, 313 F.3d 1093 (9th Cir. 2002); *Elvis Presley Enters., Inc.,* 349 F.3d at 630.

Here, Defendant has copied the entirety of Plaintiff's Photograph, albeit while contending that it copied same from Lil Uzi Vert's Instagram Stories post. Regardless of the source from which the Photograph was expropriated, this factor favors Plaintiff.

### 4. The Fourth Factor Favors Plaintiff

The final fair use factor is "the effect of the use upon the *potential market* for or value of the copyrighted work." *Monge,* 688 F.3d at 1180, quoting 17 U.S.C. § 107(4) (italics by Court).  As the Supreme Court held in *Harper & Row,* "[t]his last factor is undoubtedly the single most important element of fair use." 471 U.S. at 566, 105 S.Ct. 2218 (footnote and citation omitted) (emphasis added).

The fact that the focus is on the *potential market* for or value of the

copyrighted work is critical to this inquiry, insofar as it shifts the Court's focus away from the myopic—whether this particular defendant's actions have diluted the market for this particular picture—to the broad, that is: "if the challenged use should become widespread, it would adversely affect the potential market for the copyrighted work." *Monge,* 688 F.3d at 1180, quoting *Harper & Row*, 471 U.S. at 568; *Chicago Bd. of Educ. v. Substance, Inc*., 354 F.3d 624, 627 (7th Cir. 2003) ("[t]here is no analytical difference between destroying the market for a copyrighted work by producing and selling cheap copies and destroying the subsequent years' market for a [work] …").

In other words, the fourth fair use factor focuses on the question of usurpation. That is because "Copyright law serves to protect a copyright holder's ability to benefit from the market for his or her work, as well as from any markets that the copyright holder could reasonably be expected to enter." *Gossip Cop,* 196 F.Supp.3d at 409. "Thus, when assessing the fourth fair use factor, courts ask whether a defendant's use usurps the market for the copyright holder's work." *Id.* citing *Campbell*, 510 U.S. at 593, 114 S.Ct. 1164.

With this focus in mind, it is clear that the fourth fair use factor strongly favors Plaintiff. That is because if the Court were to permit a would-be infringer to use any photograph at any time, without license or permission, merely because the provider identifies itself as a "news organization," "entertainment" or "gossip media outlet," or considers the photograph to be "newsworthy," it would damage—if not eliminate the potential market for rightsholders to sell their photographs and—with it, copyright. Further to this point, as we have moved into a new societal phase where social media itself creates "news" based on the ease of disseminating information to a large audience quickly, should we allow the web-based news organizations to simply leverage their platforms and "create" news through their distribution, there would be nothing left at all to copyright. A photographer would not be able to sell

their works at all since a news organization could simply steal the image from the photographer's website and claim its theft fair once they distribute the image and create a story. This dynamic was considered and rejected by the Supreme Court in *Harper Row* in 1985.

## VI. **DEFENDANT'S RELIANCE ON *WALSH* IS MISPLACED**

The primary, if not singular authority relied upon by Defendant in support of its motion to dismiss is Judge Broderick's decision in *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020), reconsideration denied, 565 F. Supp. 3d 400 (S.D.N.Y. 2021). Defendant describes *Walsh* as being a "near-parallel" case [*Dkt. No.* 13-1 at p. 2] and avers that *Walsh* supports a finding of fair use in the case-at-bar. Defendant either misapprehends or misrepresents the holding in *Walsh,* insofar as *Walsh* is readily distinguishable and does not support Defendant.

In *Walsh,* the plaintiff had photographed rapper and celebrity Cardi B at a Tom Ford Fashion show in New York City and held a copyright for that photograph. Thereafter, defendant Townsquare ran an article on "XXL Mag" entitled "Cardi B Partners with Tom Ford for New Lipstick Shade." Beneath the last sentence of the article, XXL Mag embedded the three Instagram posts that were described in the Article, which included Walsh's photograph.

Walsh sued for copyright infringement and Townsquare moved for judgment on the pleadings relating to its fair use defense. The court found Townsquare's use to be fair for two primary reasons. First, the court found that "the header and the photo of the Tom Ford lipstick—along with Cardi B's caption and various Instagram standard links, [made] clear that the subject of the image was the Post, not the Photograph." *Walsh*, 464 F. Supp. 3d at 583–84. Second, the court found that Townsquare had "embedded the entire Instagram Post, still bearing the rest of the elements of the image that Cardi B had posted." *Id.*

These two factors are significant and serve to illustrate why *Walsh* is distinguishable from the case-at-bar. That is because Defendant in this case was not commenting on a post or article. Instead, Defendant merely described what any reader would see in the Photograph without the need for Defendant's text. More importantly, Defendant did not embed the Photograph on its Website. Instead, it admits to having copied and storing its own "screenshot" of the Photograph. This is significant because where an accused infringer "do[es] not store the images and videos, they do not "fix" the copyrighted work in any "tangible medium of expression." See 17 U.S.C. § 101. Therefore, when they embed the images and videos, they do not display "copies" of the copyrighted work." *Hunley v. Instagram, LLC*, No. 21-CV-03778-CRB, 2021 WL 4243385, at *2 (N.D. Cal. Sept. 17, 2021) (citing *Perfect 10*, 508 F.3d at 1160); see also *Logan v. Meta Platforms, Inc*., No. 22-CV-01847-CRB, 2022 WL 14813836, at *4 (N.D. Cal. Oct. 25, 2022) (third-party embedding did not violate exclusive right to display "copies" of copyrighted works and failed to constitute direct copyright infringement).

Defendant's citation to the decisions in *Boesen v. United Sports Publications, Ltd*., No. 20CV1552ARRSIL, 2020 WL 6393010 (E.D.N.Y. Nov. 2, 2020), reconsideration denied, No. 20CV1552ARRSIL, 2020 WL 7625222 (E.D.N.Y. Dec. 22, 2020) and *Whiddon v. Buzzfeed, Inc*., No. 22 CIV. 4696 (CM), 2022 WL 16555584 (S.D.N.Y. Oct. 31, 2022), reconsideration denied, No. 22 CIV. 4696 (CM), 2022 WL 17632593 (S.D.N.Y. Dec. 13, 2022) fails for the same reason. More specifically, in both *Boesen* and *Whiddon,* the posts containing the photographs were found to be embedded. Further, the accused infringers' articles provided commentary on the *posts*, and the photographs were considered incidental to the use. Neither of these factors are present here. Therefore, Defendant's contention that the out-of-circuit District Court cases of *Walsh, Boesen* and *Whiddon* are "near parallel" is wholly without merit.

In contrast to the cases cited by Defendant, the court in *Gossip Cop* found that where, as here, the accused infringer does nothing more than comment on what can be seen in the picture, it does not "imbue[] the photo with new meaning, or place[] it in a context different from that in which it was displayed by [the original user]." *Gossip Cop,* 196 F.3d at 406.  Continuing, the court cautioned that "[w]ere this use of the [] Image considered transformative 'news reporting,' an entity could take any photograph, announce the photograph's contents, and call that 'fair use.' In short, a judicial determination that Gossip Cop's inclusion of the [] Image on its website was fair use would promote wholesale circumvention of copyright law."  *Id.*

The Court in *Otto v. Hearst Commc'ns, Inc.*, 345 F. Supp. 3d 412 (S.D.N.Y. 2018) came to a similar conclusion, saying:

> "Publishing the Photograph without permission essentially destroys the primary market for its use. As the owner of the work, Otto had the right to try to sell the Photograph to media outlets, if he decided to do so. The fact that the Photograph was reported on so widely indicates that there was indeed a market for it. Hearst has done nothing to show that the general audience for Otto's photograph would not be equally satisfied with its version. Thus, the publication can reasonably be expected to harm Plaintiff's ability to license the work for publication and use in derivative works. Because the images are nearly identical, Defendant's unauthorized publication impacts the market for the work— simply put, more supply, less demand."

*Otto,* 345 F. Supp. 3d at 432-433.

The Ninth Circuit clearly supports the holding in *Otto* with respect to the significance of the fourth fair use factor, saying "[t]his last factor is undoubtedly the single most important element of fair use." *De Fontbrune v. Wofsy*, 39 F.4th 1214, 1226 (9th Cir. 2022).  That is because the fourth fair use factor requires the Court to "consider not only the effect of the allegedly infringing work itself, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant would

result in a substantially adverse impact on the potential market for the original'." *Id.* see also *Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Stud*., No. 19-55264, 2021 WL 3721438, at *2 (9th Cir. Aug. 23, 2021) ("the fourth factor [is] the 'single most important element of fair use'.").

## VII.   THE COMPLAINT CAN BE CURED BY AMENDMENT

In the final prong of its motion to dismiss, Defendant properly recognizes that the Ninth Circuit has a liberal policy favoring amendment when a complaint is dismissed for failure to state a claim.  See, e.g., *DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655 (9th Cir. 1992).  Despite this recognition, Defendant argues that such leave should not be granted here because any further amendment would purportedly be futile.  Defendant bases this argument on the contention that "Plaintiff would still be unable to demonstrate that Defendant infringed its work because Defendant's use of … Plaintiff's work is clearly a fair use." [*Dkt. No.* 13-1 at p. 12].  Defendant is wrong. In the unlikely event that the Court is to find Defendant's argument—based on a paucity of readily distinguishable out-of-Circuit case law—the Court should find that any deficiency found to exist could be cured by amendment.

More specifically, and as was stated *supra,* the Ninth Circuit considers the fourth factor, effect on the marketplace, to be the most important to a fair use analysis.  To this end, Plaintiff should be granted leave to amend the currently filed Complaint to amplify the allegations as to effect on the marketplace, which would necessarily affect the Court's analysis of Defendant's arguments.  Although Plaintiff believes that the Court should find that Defendant has failed to carry its burden of establishing a fair use defense as a matter of law and that there are inherently to many issues of fact that should be left to a jury, to the extent that the Court disagrees, Plaintiff should be granted leave to amend the Complaint to cure any identified defect in accordance with the Ninth Circuit's liberal policy in this regard.

## VIII.   <u>CONCLUSION</u>

For all the reasons set forth herein, it is respectfully submitted the Court should find that Defendant's unauthorized use of Plaintiff's Photograph does not qualify for the fair use exception to infringement; especially in the context on a 12(b)(6) motion. As such, Plaintiff respectfully requests that the Defendant's Motion to Dismiss be denied, in its entirety.

DATED: December 29, 2022

**SANDERS LAW GROUP**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125629
*Attorneys for Plaintiff*