| | |
|---|---|
| 1 | **SANDERS LAW GROUP** |
| 2 | Craig B. Sanders, Esq. (Cal Bar 284397)<br>333 Earle Ovington Blvd., Suite 402<br>Uniondale, New York 11553 |
| 3 | Tel: (516) 203-7600 |
| 4 | Email: csanders@sanderslaw.group<br>File No.: 125629 |
| 5 | *Attorneys for Plaintiff*<br>*Chosen Figure, LLC* |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Chosen Figure, LLC,

           Plaintiff,

v.

Kevin Frazier Productions, Inc.,

           Defendant.

Case No. 2:22-cv-06518-MEMF (MAAx)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

Assigned to:    Hon. Maame Ewusi-Mensah Frimpong

Hearing Date:    November 9, 2023
Time:    10:00 a.m.
Courtroom:   350 West 1st Street
           Los Angeles, CA. 90012
           Courtroom 8B

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

I.    INTRODUCTION .......................................................................................1

II.   ARGUMENT................................................................................................1

III.  STANDARD OF REVIEW ..........................................................................2

IV.  THE COURT DID NOT OVERLOOK ANY AUTHORITY IN DECIDING DEFENDANT'S MOTION ..........................................................4

V.   THE COURT COMMITTED NO LEGAL ERROR ......................................6

VI.  THE NINTH CIRCUIT'S DECISION IN *HUNLEY* DOES NOT WARRANT RECONSIDERATION ...............................................................8

VII. CONCLUSION.............................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*389 Orange St. Partners v. Arnold*,
 179 F.3d 656 (9th Cir. 1999) ...................................................................................2

*Arab v. BMW of N. Am., LLC*,
 No. SACV1901303DOCJDE, 2020 WL 6565308 (C.D. Cal. Sept. 8, 2020) ..........................................................................................................................4

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
 547 F.3d 109 (2d Cir. 2008) ....................................................................................5

*Carroll v. Nakatani*,
 342 F.3d 934 (9th Cir. 2003) ...................................................................................2

*Erickson Prods., Inc. v. Kast*,
 No. 5:13-CV-05472 HRL, 2014 WL 5474741 (N.D. Cal. Oct. 28, 2014) ..........5

*Free Speech Sys., LLC v. Menzel*,
 390 F. Supp. 3d 1162 (N.D. Cal. 2019) .................................................................5

*Hart v. Massanari*,
 266 F.3d 1155 (9th Cir. 2001) .................................................................................4

*Hunley v. Instagram, LLC*,
 73 F.4th 1060 (9th Cir. 2023) ..................................................................................7

*J & J Sports Prods., Inc. v. Kim Hung Ho*,
 No. 5:11-CV-01163-LHK, 2012 WL 1910041 (N.D. Cal. May 24, 2012) .........5

*Keller v. Berryhill*,
 No. CV 16-5042 SS, 2018 WL 6112560 (C.D. Cal. Jan. 8, 2018) .....................3

*Kilbourne v. Coca-Cola Co.*,
 No. 14CV984-MMA (BGS), 2015 WL 10943610 (S.D. Cal. Sept. 11, 2015) ..........................................................................................................................3

*Kona Enterprises, Inc. v. Est. of Bishop*,
 229 F.3d 877 (9th Cir. 2000) ...................................................................................2

*Lenz v. Universal Music Corp.*,
  No. 5:07-CV-03783-JF, 2013 WL 271673 (N.D. Cal. Jan. 24, 2013),
  aff'd, 801 F.3d 1126 (9th Cir. 2015), opinion amended and superseded
  on denial of reh'g, 815 F.3d 1145 (9th Cir. 2016), and aff'd, 815 F.3d
  1145 (9th Cir. 2016)..................................................................................6

*Lloyd v. Buzell*,
  No. 318CV06038RBLDWC, 2019 WL 4849506 (W.D. Wash. Oct. 1,
  2019) ........................................................................................................4

*McCurdy v. Kernan*,
  No. 117CV01356SABPC, 2021 WL 5822868 (E.D. Cal. Dec. 8, 2021)............3

*Minka Lighting, Inc. v. Bath Kitchen Decor, LLC*,
  No. EDCV1302370RGKMRWX, 2015 WL 12743863 (C.D. Cal. Feb.
  13, 2015) ..................................................................................................5

*Moffett v. Recording Radio Film Connection, Inc.*,
  No. CV 19-3319 PSG (KSX), 2020 WL 6143595 (C.D. Cal. Jan. 31,
  2020) ........................................................................................................3

*Monge v. Maya Magazines, Inc.*,
  688 F.3d 1164 (9th Cir. 2012) ..................................................................5

*NASD Dispute Resolution, Inc. v. Jud. Council of Cal.*,
  488 F.3d 1076 (9th Cir. 2007) ..................................................................5

*Perfect 10, Inc. v. Amazon.com, Inc.*,
  508 F.3d 1146 (9th Cir. 2007) ..................................................................6

*Petramala v. City of Scottsdale*,
  No. CV-17-02449-PHX-DLR, 2018 WL 9708911 (D. Ariz. Oct. 16,
  2018) ........................................................................................................4

*Ramser v. Laielli*,
  No. 15-CV-2018-CAB-DHB, 2017 WL 3524879 (S.D. Cal. Aug. 15,
  2017) ........................................................................................................3

*United States v. Ensminger*,
  567 F.3d 587 (9th Cir. 2009) ....................................................................5

*Walsh v. Townsquare Media, Inc.*,
  464 F. Supp. 3d 570 (S.D.N.Y. 2020), reconsideration denied, 565 F.
  Supp. 3d 400 (S.D.N.Y. 2021)..................................................................6

*Whiddon v. Buzzfeed, Inc.*,
 No. 22 CIV. 4696 (CM), 2022 WL 16555584 (S.D.N.Y. Oct. 31, 2022),
 reconsideration denied, No. 22 CIV. 4696 (CM), 2022 WL 17632593
 (S.D.N.Y. Dec. 13, 2022) ...............................................................................................4

*Woulfe v. Universal City Studios LLC*,
 No. 222CV00459SVWAGR, 2023 WL 3321752 (C.D. Cal. Mar. 9,
 2023) ..............................................................................................................................4

**Rules**

Fed. R. Civ. Pro.
 Rule 59 ...........................................................................................................................2

Local Rules
 Rule 7-18.........................................................................................................................3

## I. INTRODUCTION

Plaintiff Chosen Figure, LLC ("*Plaintiff*") files the instant Memorandum of Points and Authorities in Opposition to the motion of Defendant, Kevin Frazier Productions, Inc. ("*Defendant*") which asks this Court to reconsider its Order which denied Defendant's motion to dismiss [*Dkt. No.* 22].

Defendant's motion should be denied insofar as it is not a proper motion for reconsideration. Indeed, the Local Rules of this Court provide that a motion for reconsideration shall not repeat any oral or written argument made in support of the original motion, however, that is precisely what Defendant attempts to do here. More specifically, Defendant's motion relies primarily on the same trio of cases which it cited in support of its motion to dismiss and urges that a proper consideration of such "authority" should have resulted in the motion being granted.

As will be set forth herein, reconsideration is "extraordinary remedy," and is to be used sparingly. Reconsideration is not warranted where a dissatisfied litigant merely seeks to take a "second bite at the apple" by re-presenting arguments that were considered and rejected by the Court in the hope that a different result will yield. In other words, a motion for reconsideration is not a vehicle through which Defendant can ask the Court to rethink that which it already decided, which is precisely what Defendant attempts to do here.

## II. ARGUMENT

Defendant argues that reconsideration is warranted for three primary reasons. <u>First</u>, Defendant argues that the Court failed to address a "key legal authority" when considering the motion to dismiss. <u>Second</u>, Defendant argues that the Court "committed clear legal error" by finding that certain cases relied upon by Defendant implicated the Ninth Circuit's "server test" when, according to Defendant, they did not. <u>Third</u>, Defendant argues that the Court's decision is purportedly contradicted by intervening legal authority from the Ninth Circuit. Defendant's arguments are both

legally and factually erroneous and should be rejected.

As to the first point, the Court did not fail to address any "key legal authority" as Defendant argues. To the contrary, the "authority" on which Defendant relies is comprised of decisions from the Eastern and Southern Districts of New York and this Court properly found that such decisions were not only not binding, but distinguishable. Defendant's second argument fails for the same reason, *to wit,* that the decisions which either did or did not apply the Ninth Circuit's "server test" were also from the Eastern and Southern Districts of New York, which have not passed on the server test. Defendant's third argument is entirely misplaced insofar as the Ninth Circuit's "server test" applies only when an image is "embedded" on an accused infringer's website (that is, linked to and displayed from a third-party source). Here, because Defendant admitted to copying and storing Plaintiff's Photograph on its own website, the "server test" has no application to the facts at bar.

## III. STANDARD OF REVIEW

Defendant brings the instant motion pursuant to Fed. R. Civ. Pro. 59. Although Rule 59(e) permits a district court to reconsider and amend a previous order, as the Ninth Circuit has held, the rule offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). To this end, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); see also *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (Rule 59 offers an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources").

As this Court has similarly observed, motions for reconsideration are subject to Local Rule 7-18, which provides:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

*Moffett v. Recording Radio Film Connection, Inc.*, No. CV 19-3319 PSG (KSX), 2020 WL 6143595, at *2 (C.D. Cal. Jan. 31, 2020) (quoting L.R. 7-18).

In other words, as Courts within this Circuit have repeatedly stated, "motions for reconsideration are disfavored ... [and a] Rule 59(e) motion is not an opportunity for a party to get a 'second bite at the apple'…" *Id.* (quoting *Keller v. Berryhill*, No. CV 16-5042 SS, 2018 WL 6112560, at *2 (C.D. Cal. Jan. 8, 2018); see also *McCurdy v. Kernan*, No. 17-CV-01356S-SAB-PC, 2021 WL 5822868, at *1 (E.D. Cal. Dec. 8, 2021) (reconsideration is not a vehicle for relitigating old issues or otherwise taking a second bite at the apple); *Kilbourne v. Coca-Cola Co.*, No. 14-CV-984-MMA (BGS), 2015 WL 10943610, at *2 (S.D. Cal. Sept. 11, 2015) ("motions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge"); *Ramser v. Laielli*, No. 15-CV-2018-CAB-DHB, 2017 WL 3524879, at *2 (S.D. Cal. Aug. 15, 2017)).

In this case, Defendant has not shown any "highly unusual circumstance(s)" which would warrant reconsideration of the Court's prior decision. Instead, Defendant's motion is based solely on its disagreement with the Court's decision,

which is not a proper basis for reconsideration. *Woulfe v. Universal City Studios LLC*, No. 222CV00459SVWAGR, 2023 WL 3321752, at *1 (C.D. Cal. Mar. 9, 2023) (a motion for reconsideration should not be used to ask a court to rethink what the court had already thought through); *Lloyd v. Buzell*, No. 18-CV-06038-RBL-DWC, 2019 WL 4849506, at *1 (W.D. Wash. Oct. 1, 2019) (same); *Petramala v. City of Scottsdale*, No. 17-CV-02449-PHX-DLR, 2018 WL 9708911, at *1 (D. Ariz. Oct. 16, 2018) (same).

## IV. THE COURT DID NOT OVERLOOK ANY AUTHORITY IN DECIDING DEFENDANT'S MOTION

In the first prong of its motion, Defendant argues that the Court's contains no mention of the decision in *Whiddon v. Buzzfeed, Inc*., 22-CV-4696 (CM), 2022 WL 16555584 (S.D.N.Y. Oct. 31, 2022), reconsideration denied, No. 22 CIV. 4696 (CM), 2022 WL 17632593 (S.D.N.Y. Dec. 13, 2022). According to Defendant, this is grounds for reconsideration insofar as Defendant relied on *Whiddon* in both its moving and reply briefs.

While Defendant is correct in observing that the Court's decision did not include a discussion of *Whiddon,* such omission does not warrant reconsideration insofar as Your Honor noted that Defendant "cites to a number of district court cases to support its arguments" and, in so doing, reminded Defendant that "trial court decisions are not binding on this Court." *Dkt. No.* 22 at p. 9, FN 5 (citing *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2001) ("[T]he binding authority principle applies only to appellate decisions, and not to trial court decisions").

This is a well settled principle and is consistent with other holdings at both the District and Circuit level(s). *See, e.g., Arab v. BMW of N. Am., LLC*, No. 19-CV-01303-DOC-JDE, 2020 WL 6565308, at *2 (C.D. Cal. Sept. 8, 2020) ("while the Court has the utmost respect for its sister district courts, their opinions, while potentially persuasive or instructive, are not binding upon this Court"); *J & J Sports*

*Prods., Inc. v. Kim Hung Ho*, No. 11-CV-01163-LHK, 2012 WL 1910041, at *4 (N.D. Cal. May 24, 2012) (denying a Rule 59 motion on the grounds that the movant relied primarily on decisions from sister Districts, citing *United States v. Ensminger*, 567 F.3d 587, 591 (9th Cir. 2009) (" '[A] district court opinion does not have binding precedential effect,' especially one from another federal circuit.") (quoting *NASD Dispute Resolution, Inc. v. Jud. Council of Cal.*, 488 F.3d 1076, 1069 (9th Cir. 2007)); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 547 F.3d 109, 112 (2d Cir. 2008) ("District court decisions ... create no rule of law binding on other courts").

In light of the foregoing, the Court was well within its discretion in deciding whether the decisions from District courts outside the Circuit should be considered persuasive for their reasoning and/or whether they are distinguishable, as this Court found. In either event, because Defendant has not cited to any 'actual" authority from the Ninth Circuit which might show that this Court's decision is erroneous, Defendant's prayer that this Court reconsider a non-binding decision and re-think that which it already decided does not warrant the extraordinary remedy of reconsideration that Defendant seeks.

That is particularly so insofar as the affirmative defense of fair use assumes that copyright infringement has occurred and places the burden on the infringer to show why his use was fair. *Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1173 (N.D. Cal. 2019) (citing *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012) ("this affirmative defense presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair"); see also *Minka Lighting, Inc. v. Bath Kitchen Decor, LLC*, No. 13-CV-02370-RGK-MRWX, 2015 WL 12743863, at *3 (C.D. Cal. Feb. 13, 2015); *Erickson Prods., Inc. v. Kast*, 13-CV-05472 HRL, 2014 WL 5474741, at *2 (N.D. Cal. Oct. 28, 2014); *Lenz v. Universal Music Corp.*, No. 5:07-CV-03783-JF, 2013 WL 271673, at *5 (N.D. Cal. Jan. 24, 2013), aff'd, 801 F.3d 1126 (9th Cir. 2015), opinion amended and

superseded on denial of reh'g, 815 F.3d 1145 (9th Cir. 2016), and aff'd, 815 F.3d 1145 (9th Cir. 2016).

## V. THE COURT COMMITTED NO LEGAL ERROR

In the next prong of its motion, Defendant argues that reconsideration is warranted because the Court purportedly "misstated a key holding" of *Walsh v. Townsquare Media, Inc.*, 464 F. Supp. 3d 570 (S.D.N.Y. 2020), reconsideration denied, 565 F. Supp. 3d 400 (S.D.N.Y. 2021), on which Defendant also relied. More specifically, Defendant argues that the Court committed "serious legal error" insofar as:

> "the Order claims that because, under the *Perfect 10* server test, '[e]mbedded content remains stored on the third-party servers, such as Instagram, and does not create an infringing copy[,]' 'there was no prima facie showing of copyright infringement' in *Walsh*, and '[t]his weighed in defendant's favor since fair use is an affirmative defense to copyright infringement.'"

Def. Mot. at p. 9 (referring to *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007)).

Defendant's argument in this regard is unavailing for a variety of reasons, not the least of which is that its paraphrasing of the Court's Order is incomprehensible as written but, to the extent it can be understood, it casts the decision out of context. More specifically, in analyzing Defendant's reliance on *Walsh,* Your Honor observed that, in *Walsh,* "the plaintiff, a photographer, took a photo of rapper and celebrity Cardi B at a fashion show for luxury fashion house Tom Ford." *Dkt. No.* 22 at p. 9. The plaintiff subsequently obtained a copyright for the photograph, and Tom Ford later posted the photograph to its Instagram to announce its lipstick collaboration with Cardi B. *Id*. Cardi B then posted a screenshot of the announcement to her own Instagram account and thanked Tom Ford. *Id*. News of the collaboration led to a heated debate but, despite the backlash, the collaboration

was a success and the lipstick sold out. *Id.*

As a result, Your Honor properly found that "the *Walsh* court held that the defendant sufficiently transformed the photograph because it was used for an entirely different purpose than originally intended," *to wit,* "the launch of the collaboration [and] the ensuing social media controversy [following] Cardi B's post." *Dkt. No.* 22 at p. 10. While Your Honor did go on to note that the Cardi B photograph had been embedded in the post and commented that such factor would mitigate against a finding of infringement, such comment was merely *dicta* in the context of the Court's overall decision.

In light of the foregoing, Defendant's contention that the Court committed any error—let alone a "serious one" in interpreting *Walsh*—is wholly without merit. That is because the Court acknowledged that the defendant in *Walsh* had sufficiently transformed the copyrighted photograph whereas, here, Defendant did not. Further, there was no error in the Court's analysis and/or decision because, if the Court were to apply Ninth Circuit jurisprudence related to the "sever rule" in the *Walsh* fact pattern —as it must—it would never get to a fair use analysis since the case would have been dismissed based on the failure of the plaintiff to establish the existence of an infringement. It begs credulity to attempt to find fault in observing the differences between the Ninth Circuit and New York Southern District in this regard. Insofar as the only question before the Court was whether Defendant's expropriation and display of Plaintiff's copyright-protected Photograph qualified as a "fair use" of same, and the Court properly evaluated all of the non-exclusive factors in finding that Defendant's infringement was not a fair use, and Defendant cites to no purported error in that analysis, no further discussion is required.

## VI. THE NINTH CIRCUIT'S DECISION IN *HUNLEY* DOES NOT WARRANT RECONSIDERATION

In the final prong of its motion, Defendant argues that the Ninth Circuit's decision in *Hunley v. Instagram, LLC*, 73 F.4th 1060 (9th Cir. 2023) stands for the premise that the "server test" is "not doctrinally connected to fair use" and purportedly warrants reconsideration because *Hunley* could not have been known to Defendant at the time that the motions were briefed, insofar as the decision in *Hunley* was issued only two days before this Court's decision denying the motion to dismiss.

Defendant's argument in this respect is simply a canard, insofar as *Hunley* has no applicability to the case at bar. That is because neither party has argued that the *Perfect 10* "server test" is necessarily implicated in a fair use analysis, and Defendant does not claim that its display of Plaintiff's Photograph was embedded. To the contrary, Defendant expressly acknowledged it was not. Stated otherwise, Defendant has failed to show how the *Hunley* decision would purportedly favor reconsideration of this Court's Order. As a result, not further discussion is required.

## VII. CONCLUSION

For all the reasons set forth herein, it is respectfully submitted the Court should deny Defendant's motion for reconsideration in its entirety or, otherwise, grant the motion and adhere to its prior (and proper) determination.

DATED: August 31, 2023

**SANDERS LAW GROUP**

By: */s/ Craig B. Sanders*
Craig B. Sanders, Esq. (Cal Bar 284397)
333 Earle Ovington Blvd., Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 125629
*Attorneys for Plaintiff*