UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOSEN FIGURE, LLC,<br><br>                 Plaintiff,<br><br>      v.<br><br>KEVIN FRAZIER PRODUCTIONS, INC.,<br><br>                 Defendant. | Case No.: 2:22-cv-06518-MEMF-MAA<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION IN PART [ECF NO. 23]** |

    Before the Court is the Motion for Reconsideration filed by Defendant Kevin Frazier Productions, Inc. ECF No. 23. For the reasons stated herein, the Court hereby GRANTS the Motion for Reconsideration IN PART. The Court will issue an Amended Order Denying Defendant's Motion to Dismiss in accordance with this Order; the Defendant's Motion to Dismiss, ECF No. 13, remains DENIED.

/ / /

1

I.     **Background**

The Court has already summarized the relevant factual background in its Order Denying Defendant's Motion to Dismiss and Granting Request for Judicial Notice. ECF No. 22 ("MTD Order"). The Court will only discuss the factual and procedural background relevant to this Order.

Plaintiff Chosen Figure, LLC ("CF") is the owner of a copyrighted photograph of Rihanna and A$AP Rocky, two major celebrities (the "Photograph"). Rapper Lil Uzi Vert reproduced the Photograph with the text "Can't Be True" superimposed on his Instagram story. Defendant Kevin Frazier Productions, Inc. ("KFP"), the owner of www.hipholllywood.com, published a story concerning Lil Uzi Vert's romantic dalliances and reaction to Rihanna and A$AP Rocky's relationship, and included a screenshot of Lil Uzi Vert's Instagram story at issue in the article.

CF brought copyright claims against KFP, who moved to dismiss based on fair use. In its MTD Order, the Court found that, at this stage, KFP had not met its burden of showing that fair use applied and declined to dismiss. MTD Order at 5–6. Relevant to the current Motion for Reconsideration, the Court found that KFP failed to show that its use of the Photograph was "transformative." MTD Order at 8–12. As part of its analysis, the Court distinguished the instant case from *Walsh v. Townsquare Media, Inc.*, a case from the Southern District of New York cited by KFP and briefly discussed the "server" test.

On August 3, 2023, KFP filed the instant Motion for Reconsideration. ECF No. 23 ("Motion" or "Mot."). The Motion is fully briefed. *See* ECF Nos. 24 ("Opposition" or "Opp'n"), 26 ("Reply").

II.    **Applicable Law**

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order" for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (emphasis omitted). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources," *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (discussing the standard of a motion for reconsideration under Fed. R. Civ. P. 59(e)). Additionally, the Ninth Circuit has established that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.),

*cert. denied*, 508 U.S. 951 (1993)). A motion for reconsideration may not be used to reargue a motion or present evidence that should have been presented prior to the entry of judgment. *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Reconsideration is appropriate if the movant demonstrates clear error, manifest injustice, newly discovered evidence, or an intervening change in controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Moreover, pursuant to Local Rule 7-18 of this District, a motion for reconsideration may be made only on the grounds of:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.

C.D. Cal. L.R. 7-18.

"Absent good cause shown, any motion for reconsideration must be filed no later than 14 days after entry of the Order that is the subject of the motion or application." *Id.*

## III.   Discussion

KFP's Motion does not meet the requirements for reconsideration. The Motion is based on the grounds that the Court (1) failed to address "key" legal authority cited by KFP in its motion to dismiss; (2) committed clear legal error in its interpretation of *Walsh* by mentioning the server test in its discussion of *Walsh*; and (3) is contradicted by a 9th Circuit decision that came down two days after the Court entered its MTD Order. As explained further below, none of these supposed grounds for reconsideration are applicable.

### A. The Court's Omission of *Whiddon* Is Not Clear Error

KFP takes umbrage with the Court's MTD Order because it did not explicitly mention *Whiddon v. Buzzfeed, Inc.*, 638 F. Supp. 3d 342 (S.D.N.Y. 2022), a fair-use case from the Southern District of New York. The Court's omission of *Whiddon* is not "clear error" or grounds for reconsideration, Mot. at 6; Reply at 5, as the Court did not overlook *Whiddon*. The Court considered *Whiddon*, but *Whiddon* is non-binding on this Court, and as such, the Court did not need to follow

*Whiddon* or distinguish it. Given the number of non-binding and unpersuasive cases cited by KFP, the Court addressed them summarily in a footnote, which it is within the Court's discretion to do. *See* MTD Order at 9 n. 5.

In any event, *Whiddon* does not compel a finding in KFP's favor. In *Whiddon*, a photographer (Lindsay Grace Whiddon) took photos of her friend, a Nashville-based lifestyle blogger (Tiffany Mitchell). 638 F. Supp. 3d at 346. On the day of the photoshoot, Mitchell was in a motorcycle accident, and Whiddon continued to take photos during and after the accident. *Id.* at 346–347. Mitchell posted the photos on her Instagram account, and some users left cynical comments on Mitchell's post, insinuating that the photos were posed. *Id.* at 347–48. Buzzfeed published an article about Mitchell's accident and the controversy surrounding her social media post about the accident and included some of the photos. *Id.* at 346. The *Whiddon* court found that Buzzfeed's use of the photos were transformative, and that Buzzfeed's use of the photos enhanced the ability of the reader to understand Buzzfeed's article and the surrounding controversy, as without the photos, a reader could not fully understand the comments the Buzzfeed article discussed. *Id.* at 350–54. *Whiddon* is thus distinguishable from the instant dispute, as here, KFP's use of the screenshot of Lil Uzi Vert's Instagram story does not enhance the ability of the reader to understand the article. *See id.* at 352 (explaining that without the photos of Mitchell's accident, readers of the Buzzfeed article would not understand the negative comments the Buzzfeed article discussed), 353 ("In short the use of all three photographs is necessary and appropriate for reporting on the controversy").

At the hearing, KFP's counsel argued that using Lil Uzi Vert's Instagram story was necessary for the article, as in *Whiddon*, because Instagram stories disappear after 24 hours and the Instagram story was required to show readers that Lil Uzi Vert really did post the story KFP claims he posted. KFP misses the mark—the photographs in *Whiddon* were not used by Buzzfeed to prove to their readers that the photographs indeed existed or to prove that Mitchell's accident occurred and that Whiddon photographed it. Instead, the photographs were used to provide necessary context for the comments left by users on Mitchell's post—that, while Mitchell wrote that she was in a serious motorcycle accident, the photos of the accident appear "staged." Unlike the situation in

*Whiddon*, a reader of KFP's article does not need to see Lil Uzi Vert's Instagram story to evaluate or understand the article.[1]

### B. The Court Did Not Base Its Ruling On the Server Test and *Hunley* Does Not Change the Result

KFP's next two arguments are based on a misunderstanding of one part of the Court's MTD Order. Specifically, in its MTD Order, the Court stated that:

> *Walsh* is therefore factually distinct because the defendant did not infringe on the plaintiff's exclusive right of public display. There, the defendant embedded the Instagram posts instead of directly hosting a "fixed" copy of the photograph on its website. A photographic image is fixed in a tangible medium of expression "when embodied . . . in a computer's server. *Perfect 10*, 508 F.3d at 1160. Embedded content remains stored on the third-party servers, such as Instagram, and does not create an infringing copy. *Perfect 10*, 508 F.3d at 1160. As such, there was no prima facie showing of copyright infringement. This weighed in defendant's favor since fair use is an affirmative defense to copyright infringement.

MTD Order at 10–11.

KFP argues that the Court should not have distinguished *Walsh* based on the server test and that the Court's discussion of the server test is inappropriate because the server test is not connected to the fair use analysis.

The "server test" is a tool adopted by the Ninth Circuit to determine if a copyright owner's public display rights have been violated. Specifically, the server test allows for embedded content on a third-party website. *See Hunley v. Instagram*, 73 F. 4th 1060, 1069 (9th Cir. 2023) ("in-line linking (what we now call embedding) d[oes] not display a 'copy' of Perfect 10's copyrighted images as that term is defined in the Copyright Act."). Because the server test determines if a "copy" of an image exists, the server test can negate a claim of copyright infringement and is not an affirmative defense but a direct attack of the prima facie elements of a copyright infringement claim.

The Court distinguished *Walsh* on two grounds. First, the Court held that the Photograph at issue here was not incidental to KFP's article as it was in *Walsh.* Second, the Court held that, under

---

[1] The Court need not discuss *Whiddon* substantively at all, as KFP is simply reiterating the same argument it made at the motion to dismiss stage, which is improper grounds for reconsideration. Nevertheless, the Court includes the analysis as a courtesy to KFP to demonstrate why *Whiddon* did not persuade the Court. KFP presents non-binding authority for the assertion that reconsideration is properly granted based on an order overlooking nonbinding persuasive case law. *See* Reply at 1. However, as the Court states, *Whiddon* is not like the situation here, and so, it does not cause the Court to change its previous holding that KFP's use is not transformative.

the server test, there was no prima facie showing of copyright infringement in *Walsh*. KFP argues that the Court erred in applying the server test in its fair use analysis because fair use is a separate question from whether a prima facie case of copyright infringement occurs. The Court agrees with KFP in that the doctrines are different, and upon further reflection, the Court agrees with KFP that it was erroneous to distinguish *Walsh* by applying the server test and finding non-infringement.

However, the first—and more significant—basis which *Walsh* is distinguishable remains: The article in *Walsh* centered solely around the post at issue and the photograph was "incidental" to the defendant's purpose.[2] Accordingly, *Walsh* leads this Court to the same conclusion: KFP's use of the Photograph is not transformative because it did not alter the message or expressive content of the original work. *See* MTD Order at 11.

***

The standard on reconsideration is a high bar, and KFP has simply failed to meet that standard. KFP has not shown any of the three grounds enumerated in Local Rule 7-18 or the Federal Rules of Civil Procedure, as it simply reiterates the same arguments it made at the motion to dismiss stage.

### IV.     Conclusion

For the foregoing reasons, the Court GRANTS KFP's Motion IN PART, and the Court will therefore issue an Amended MTD Order. For the reasons stated herein and the remaining reasons set forth in the original MTD Order, the Motion to Dismiss is still DENIED.

IT IS SO ORDERED.

Dated: February 15, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

---

[2] KFP also presents *Hunley*, intervening Ninth Circuit authority, as a material change in the law and a basis for reconsideration. However, *Hunley*, as KFP admits, is a reaffirmation of existing law and thus, does not count as a material difference in law from that presented to the Court at the time of the original motion to dismiss. *See* Mot. at 9–10.

6